■ WOODBROOK HOUSES, INC., et al., Respondents-Appellants, v HERCOFORM MARKETING, INC., et al., Appellants-Respondents. WOODBROOK HOUSES, INC., et al., Respondents-Appellants, v TIFFANY ARMSTRONG et al., Appellants-Respondents.—Order unanimously modified on the law and as modified affirmed without costs, in accordance with the following memorandum: Plaintiffs' motion to amend the complaint to add specific items of damage arising from the alleged breach of contract and to increase the ad damnum clause was improperly denied. It is well established that leave to amend may be granted at any time and should freely be granted upon such terms as may be just (CPLR 3025 [b]). While the motion is addressed to the discretion of the court *(Edenwald Contr. Co. v City of New York,* 60 NY2d 957; *Murray v City of New York,* 43 NY2d 400), " '[m]ere lateness is not a barrier to the amendment. It must be lateness coupled with significant prejudice to the other side, the very elements of the laches doctrine' " *(Edenwald Contr. Co. v City of New York, supra,* at 959, quoting Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3025:5, at 477). There has been no demonstration that such prejudice exists here. The proposed amendments do not assert a new cause of action or add a new theory of liability. Plaintiffs seek only to specify with greater particularity the items of damage resulting from the

alleged breach of contract. While the additions are dramatic and change the potential value of the lawsuit, defendants have always been on notice of the underlying claim. There is no indication that defendants have been hindered in their preparation or that they have been prevented from taking some measure in support of their position *(see, Loomis v Civetta Corinno Constr. Corp.,* 54 NY2d 18, 23). Accordingly, the order must be modified to grant plaintiffs' motion to amend the complaint.

We have reviewed the other issues raised by the parties and we find none to be of such merit as would require further modification of the appealed order. The parties should expeditiously complete discovery and a new note of issue should be filed at the appropriate time. (Appeals from order of Supreme Court, Cayuga County, Galloway, J.—dismiss complaint.) Present—Dillon, P. J., Callahan, Doerr and Green, JJ.