OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
Plaintiffs daughter died from injuries suffered in a head-on collision between the car she was driving and a vehicle driven *972 by defendant while intoxicated. Defendant was charged with criminally negligent homicide and pleaded guilty. Shortly thereafter, plaintiff, administratrix of her daughter’s estate, commenced this action seeking compensatory damages for wrongful death and for conscious pain and suffering of her decedent. Punitive damages were also sought. The trial court directed a verdict as to civil liability and the jury returned a verdict in the amount of $2,853 for wrongful death, $4,500 for conscious pain and suffering, and $45,000 in punitive damages.
On appeal, defendant argues that punitive damages following a criminal conviction arising out of the same drunk driving incident should not be imposed as a matter of policy as implicated by the constitutional prohibition against double jeopardy. The quasi-criminal punitive aspect of exemplary damages has presented a concern that safeguards against successive or multiple prosecutions, available to a criminal defendant, should also be extended to defendants civilly exposed to punitive damages.
We are not persuaded to adopt that view in this case because, while punitive damages and criminal sanctions share a common purpose of punishing misconduct, there are also significant distinctions between the two. Unlike the sanction imposed on behalf of all the people of the State in a criminal case, punitive damages in a civil case context afford the injured party a personal monetary recovery over and above compensatory loss. The procedures and standards of proof are also, of course, very different. Additionally, a civil verdict directing payment of punitive damages does not carry the same heavy societal stigma stamped by a criminal conviction no matter what sentence is imposed.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
Order affirmed, with costs, in a memorandum.