■ In the Matter of the Estate of RALPH D. GAROFALO, Deceased. CATHERINE GAROFALO, Respondent; RALPH J. GAROFALO, as Executor of RALPH D. GAROFALO, Deceased, Appellant.—Kane, J. P. Appeal from an order of the Surrogate's Court of Warren County (Moynihan, Jr., S.), entered June 25, 1987, which awarded petitioner, *inter alia,* alimony arrears, an interest in the proceeds of the sale of certain real property and a one-third interest in the balance of decedent's estate.

Subsequent to Ralph D. Garofalo's death (hereinafter decedent), petitioner commenced the instant proceeding in Surrogate's Court seeking to regain possession of a motel located in the Town of Lake George, Warren County. The question of the operation and possession of the motel had been the subject of a separation agreement that petitioner and decedent had entered into on February 15, 1985 in their previous matrimonial action in Supreme Court. The agreement provided, *inter alia,* that petitioner was to operate and have exclusive possession of the motel and that she was entitled to the profits derived therefrom. Upon the sale of the motel, she and dece-

dent were to divide the net proceeds equally. If petitioner failed to perform certain duties in operating the motel, the agreement provided that decedent would resume possession and operation provided that he resumed support payments to petitioner until the motel was sold. The agreement also provided that upon the sale of the motel, petitioner and decedent would equally divide their personal property. Finally, payments for arrearages in support were also set forth in the agreement as well as a stipulation that each would execute a last will wherein the surviving spouse would receive a one-third residuary interest of the deceased spouse's estate.

Petitioner commenced this proceeding alleging that in January 1986 she was forced to leave the motel and take up residence elsewhere due to her having been locked out of the premises by decedent. Respondent, decedent's son and the executor of his will, claimed that decedent took possession of the motel as a result of petitioner's mismanagement. A trial was held after which Surrogate's Court determined that both petitioner and decedent had failed to strictly comply with the terms of the agreement. However, the court found that any breaches by either side were not so substantial as to warrant its rescission and, therefore, the agreement was given full force and effect. Nevertheless, petitioner's request to possess and operate the motel was denied and, instead, the court ordered it sold with the net proceeds to be divided equally between petitioner and decedent's estate, as set forth in the agreement. Petitioner had also sought to exercise her elective share rights but the court noted that she had waived any such rights based on decedent's agreement to leave her one third of his residuary estate in his will. Therefore, Surrogate's Court awarded petitioner the one-third share. The court also calculated the amount of arrearages due petitioner and awarded her possession of the personal property as provided in the agreement. This appeal by respondent ensued.

We turn first to respondent's claim that Surrogate's Court lacked jurisdiction to hear this case. It is true that Surrogate's Court is a court of statutory creation and thus has limited jurisdiction (see, Matter of McDonald, 211 NY 272). Here, the proceeding was not commenced pursuant to any specific statutory authorization, such as a proceeding to construe a will (see, SCPA art 14) or for an accounting (see, SCPA art 22); rather, it concerned the interpretation of a separation agreement and thus was in that sense an "independent proceeding" (see, 1A Warren's Heaton, Surrogates' Courts § 36 [1] [a], at 5-486 [6th ed]). However, the question of whether Surrogate's Court may

exercise jurisdiction is not dependent upon the kind or type of proceeding commenced *(see,* SCPA 202). The court, under its general equitable powers, may directly grant any relief it could grant incidental to another statutory proceeding *(see, Matter of Gebauer,* 79 Misc 2d 715, 717-818, *affd* 51 AD2d 643), and it has the power to determine all matters both legal and equitable necessary to the settlement of a decedent's estate *(see,* 1A Warren's Heaton, Surrogates' Courts § 36 [4], at 5-491 [6th ed]). The question of interpretation and enforcement of a separation agreement as it affects a decedent's estate is clearly within the subject matter jurisdiction of Surrogate's Court *(see, e.g., Matter of Hollinger,* 93 Misc 2d 926; *Matter of Price,* 56 Misc 2d 774; *Matter of Ullman,* 56 Misc 2d 495). Thus, in this case, although the matter was brought as a separate proceeding, the issues raised affect decedent's affairs and the administration of his estate; therefore, Surrogate's Court had jurisdiction to construe the separation agreement.*

We also find respondent's claims of prejudice to be lacking in merit. The trial before Surrogate's Court commenced on May 27, 1987. Prior to that time, on May 21, 1987, apparently after a prehearing conference, the court had directed both petitioner and respondent to submit statements of the issues raised in the petition. Petitioner's statement is dated May 22, 1987 and respondent's is dated May 26, 1987. Respondent argues that he was prejudiced in preparing his defense due to the short notice and because the May 22, 1987 letter raised issues not raised by the petition. However, in our view, the statements in the petition were sufficiently particular to give the court and respondent notice of the claim and the relief sought. Further, respondent's letter of May 26, 1987 includes basically the same issues as petitioner's May 22, 1987 letter. We would also note that respondent never raised this issue to Surrogate's Court and never requested additional time to prepare a defense. Respondent also argues that petitioner's May 22, 1987 letter was an "amendment" and was for that reason improper. We reject this claim as well. However, even if the letter could be deemed an amendment, Surrogate's

---

\* Respondent cites to *Matter of Goelet* (28 AD2d 149) for support. However, the court in that case relied on *Matter of Venblow* (2 AD2d 365). In *Venblow,* it had been determined that the question of specific performance of an agreement was within the subject matter jurisdiction of Surrogate's Court, but the court dismissed the matter since it had not been brought pursuant to an accounting proceeding. SCPA 202 was enacted specifically to overcome this situation *(see,* Siegel, Practice Commentary, McKinney's Cons Laws of NY, Book 58A, SCPA 202, at 144-145).

Court had the discretion to accept the petition as thereby amended (see, Siegel, Practice Commentary, McKinney's Cons Laws of NY, Book 58A, SCPA 302, at 310, 313).

Respondent also claims that the decision of Surrogate's Court, by interpreting the agreement and enforcing its provisions, went far beyond the relief actually requested in the petition. Petitioner's prayer for relief requested "exclusive use and possession of the motel". However, on our review of the petition, we find that it sufficiently apprised respondent that a claim was being made against him as to the distribution of the estate and there is no indication that his preparation of a defense was hindered; as previously noted, he was clearly on notice of the underlying claims (see generally, Duffy v Horton Mem. Hosp., 66 NY2d 473, 477; Woodbrook Houses v Hercoform Mktg., 129 AD2d 1001, 1002). Respondent's May 26, 1987 letter is evidence of notice of petitioner's claims and, furthermore, in the attorney's affidavit in support of respondent's answer a full hearing was requested "to determine the validity and the effect of [the separation] agreement". Thus, the court's construction of the separation agreement did not go beyond the relief requested and we find the relief afforded petitioner by the court to be supported by the record.

Order affirmed, without costs. Kane, J. P., Casey, Mikoll, Yesawich, Jr., and Levine, JJ., concur.