■ City of New York et al., Respondents, v Clarence Taliaferrow et al., Appellants.—

This case arises out of allegations that the appellants used the subject premises for purposes of prostitution. As a result of a prior action commenced by the City of New York, a consent judgment was entered on May 22, 1985, permanently enjoining the defendant Taliaferrow from using, maintaining or permitting the use of the subject premises for the purposes of prostitution or for any other nuisance and directing that the premises be sold within six months to a new owner who would not use the premises for prostitution.

Thereafter, the City of New York commenced the instant action, alleging, *inter alia,* causes of action based upon the Administrative Code of the City of New York § 7-701 *et seq.* (hereinafter referred to as the Nuisance Abatement Law), and common-law nuisance. After a hearing where evidence was produced indicating that the subject premises continued to be used for prostitution, the court found that Taliaferrow had sold the property to the defendant Mayes, but continued to manage the premises. Testimony indicated that Taliaferrow encouraged prostitution from a vehicle parked nearby the premises. Based on the evidence adduced at the hearing, by

order dated October 16, 1987, a preliminary injunction was issued barring the use of the premises for prostitution or any other nuisance, enjoining the defendants Taliaferrow and Mayes from entering the premises, and appointing a temporary receiver to operate and manage the premises pending final determination of the action. After a nonjury trial, the court found that the premises was still used for prostitution in 1987, and that Taliaferrow promoted the prostitution on occasion. The court imposed a civil penalty of $68,700 pursuant to the Nuisance Abatement Law and punitive damages of $100,000.

The appellants argue that the Nuisance Abatement Law was the exclusive remedy and that the court erred when it imposed additional punitive damages. We disagree and affirm.

The Nuisance Abatement Law provides that its purpose is "to create one standardized procedure for securing legal and equitable remedies relating to the subject matter encompassed by this law, without prejudice to the use of procedures available under existing and subsequently enacted laws, and to strengthen existing laws on the subject" (Administrative Code § 7-701). The plain meaning of such language is that the New York City Council did not intend the Nuisance Abatement Law to be the exclusive remedy available. Thus, the court had the right to award punitive damages pursuant to the common-law theory of a public nuisance. This conclusion is not altered by the fact that the plaintiffs are governmental entities (see, *State of New York v Schenectady Chems.*, 117 Misc 2d 960, 968, *mod on other grounds and otherwise affd* 103 AD2d 33).

The defendants also contend that the imposition of punitive damages in addition to a civil penalty constitutes multiple punishment in violation of the Double Jeopardy Clause. However, recent Federal and State case law clearly indicates that defendants' argument has no merit (see, *United States v Halper*, 490 US 435, 109 S Ct 1892; *Missouri v Hunter*, 459 US 359; *Juzwin v Amtorg Trading Corp.*, 705 F Supp 1053, 1058; *Wittman v Gilson*, 70 NY2d 970, 972; *Lyke v Anderson*, 147 AD2d 18, 30-31; *Harvey-Cook v Steel*, 124 AD2d 709).

We have considered the defendants' remaining contentions and find that they are either unpreserved for appellate review or without merit. Mangano, J. P., Kunzeman, Eiber and Kooper, JJ., concur.