■ JOSEPH A. KAPLAN, as Limited Administrator of the Estate of JOSEPH J. KAPLAN, Deceased et al., Appellants, v PAUL SPARKS et al., Respondents. [596 NYS2d 279] —Order unani-

mously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: In this wrongful death action, plaintiffs moved for leave to amend their complaint to assert a claim for, *inter alia,* punitive damages and a cause of action for loss of consortium. That motion was denied. Absent prejudice or surprise, leave to amend should be freely granted (CPLR 3025 [b]; *see, e.g., Kusak v Allstate Ins. Co.,* 190 AD2d 1050).

With respect to plaintiffs' claim for punitive damages, defendants have demonstrated neither prejudice nor surprise. Moreover, plaintiffs' claim for punitive damages does not constitute an independent cause of action *(see, Knibbs v Wagner,* 14 AD2d 987; *Gill v Montgomery Ward & Co.,* 284 App Div 36), but rather rests on the same factual circumstances as those forming the basis of the original complaint. It will be for the trial court to determine whether there is a reasonable basis in the evidence for the jury to find that defendants' conduct was so wanton and reckless that an award of punitive damages would be justified *(see, Sweeney v McCormick,* 159 AD2d 832; PJI 2:278). Thus, Supreme Court abused its discretion in denying plaintiffs leave to amend the complaint to assert allegations supporting a claim for punitive damages.

Supreme Court properly denied plaintiffs' motion for leave to amend the complaint to add a cause of action for loss of consortium. There is no recovery for loss of consortium in a wrongful death action *(Liff v Schildkrout,* 49 NY2d 622, 633-634, *rearg denied sub nom. Grant v Guidotti* 49 NY2d 1048; *see also,* EPTL 5-4.3; *Gonzalez v New York City Hous. Auth.,* 77 NY2d 663, 667-668). (Appeal from Order of Supreme Court, Erie County, Mintz, J.—Amend Complaint.) Present—Callahan, J. P., Pine, Fallon, Doerr and Boehm, JJ.