■ RONALD DUMESNIL, Respondent, v PROCTOR AND

SCHWARTZ, INC., et al., Appellants, et al., Defendant. (And a Third-Party Action.) [606 NYS2d 394] —White, J. Appeal from an order of the Supreme Court (Kahn, J.), entered February 18, 1992 in Albany County, which granted plaintiff's motion for leave to serve a second amended complaint.

Plaintiff commenced this action alleging strict products liability, negligence and breach of warranty causes of action to recover damages for the severe personal injuries he sustained when his left hand and forearm became enmeshed in an industrial machine that lacked safety guards. Following discovery, plaintiff moved for leave to serve a second amended complaint to include a claim for punitive damages, not as a separate cause of action but as an item of damage with respect to his causes of action against defendants *(see, Sylvester v Stephens,* 148 AD2d 523). Supreme Court granted the motion and this appeal followed.

"It is firmly established that leave to amend pleadings under CPLR 3025 (b) is to be freely given in the exercise of the trial court's discretion, provided that there is no prejudice to the nonmoving party and that the amendment is not plainly lacking in merit" *(Sabol & Rice v Poughkeepsie Galleria Co.,* 175 AD2d 555, 556). Prejudice in this context means that the nonmoving party has been hindered in the preparation of its case or has been prevented from taking some measure in support of its position *(see, Loomis v Civetta Corinno Constr. Corp.,* 54 NY2d 18).

Our review of the record discloses that defendants did not demonstrate that they will be prejudiced by the proposed amendment. Thus, we will focus on their contention that the amendment lacks merit.

Punitive damages may be awarded when a defendant's conduct is so reckless or wantonly negligent as to be the equivalent of a conscious disregard of the rights of others *(see, Rinaldo v Mashayekhi,* 185 AD2d 435) and may be recovered in a negligence action as well as a strict products liability action, at least insofar as it is founded on a failure to warn *(see, Home Ins. Co. v American Home Prods. Corp.,* 75 NY2d 196, 204; *Wittman v Gilson,* 70 NY2d 970, 972).

Plaintiff predicates his claim of entitlement to punitive damages on defendants' failure to equip the machine with safety mechanisms even though, as their pretrial deposition testimony shows, they were aware of the need for such devices. Additionally, he cites his expert's report that the need for safety devices had been known since 1928 and his opinion

that "the lack of the most rudimentary of safety devices on the machine * * * can only represent * * * a flagrant disregard by [defendants] of the old, well known and established standards, methods and requirements for guarding of such machines and of safety of the workmen".

Given this proof and the obvious danger the machine posed to plaintiff, the proposed amendment is not plainly lacking in merit. While defendants have vigorously argued that the evidence does not support an assessment of punitive damages against them, this argument is more appropriately raised on a motion for summary judgment or at trial because a motion to amend is not a proper vehicle for the determination of the merits of an issue *(see,* Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3025:11, at 361). Therefore, we conclude that Supreme Court did not abuse its discretion in this matter *(see, Scicchitano v Emerton,* 95 AD2d 882)* and, accordingly, affirm.

Weiss, P. J., Cardona, Mahoney and Casey, JJ., concur. Ordered that the order is affirmed, with costs.