◼ LORRAINE M. HARRELL, as Administratrix of the Estate of CLAYTON M. HARRELL, Deceased, Appellant, v CHAMPLAIN ENTERPRISES, INC., Doing Business as COMMUTAIR, Respondent. [634 NYS2d 880] —Crew III, J. Appeal from an order of the Supreme Court (Hughes, J.), entered April 12, 1995 in Albany County, which denied plaintiff's motion for leave to amend her amended complaint.

On January 3, 1992, at approximately 5:48 A.M., plaintiff's decedent was killed when a Beechcraft model 1900C plane in which he was a passenger crashed into a mountain located in the Town of Brighton, Franklin County.* The plane was owned by defendant and operated by its pilots. Thereafter, plaintiff, as administrator of decedent's estate, commenced this action for wrongful death and conscious pain and suffering essentially alleging that the accident was caused by the negligent conduct of defendant's pilots. Following joinder of issue and discovery, plaintiff moved pursuant to CPLR 3025 (b) for permission to serve an amended complaint adding a demand for punitive damages. Supreme Court denied the motion and plaintiff now appeals.

We reverse. It is well settled that leave to amend pleadings is to be "freely given" (CPLR 3025 [b]), provided there is no prejudice to the nonmoving party and the amendment is not "plainly lacking in merit" (*Sabol & Rice v Poughkeepsie Galleria Co.*, 175 AD2d 555, 556). With respect to claims for punitive damages, they "may be awarded when a defendant's conduct is so reckless or wantonly negligent as to be the equivalent of a conscious disregard of the rights of others" (*Dumesnil v Proctor & Schwartz*, 199 AD2d 869, 870; *see, Taylor v Dyer*, 190 AD2d 902, 903). Notably, in order for an employer to be liable in punitive damages as a result of the acts of its employee, there must also be complicity by the employer such as authorizing, participating in, consenting to or ratifying the conduct of its

* A more detailed recitation of the underlying facts can be found in a prior, unrelated appeal in this case (200 AD2d 290).

employee (*see, Loughry v Lincoln First Bank*, 67 NY2d 369, 378).

Here, plaintiff's claim for punitive damages is predicated upon her assertion that defendant's pilots caused the crash by reason of their reckless and wanton conduct regarding, *inter alia*, attention to safety concerns, Federal Aviation Administration regulations and proper flight procedures, and that defendant not only knew about this pattern of irresponsibility, but either condoned it or failed to take appropriate steps to correct it and failed to provide appropriate training (*see, Fonda v 157 E. 74th Co.*, 158 AD2d 297, 298). To support these claims, plaintiff submitted an affidavit of a pilot who formerly worked for defendant and also the depositions of the surviving captain of the fatal flight and defendant's chief pilot. We find this proof to be sufficient to establish that plaintiff's proposed amendment is not plainly lacking in merit (*see generally, Dumesnil v Proctor & Schwartz, supra*, at 871). While defendant vigorously asserts that plaintiff's proof does not support an assessment of punitive damages against it, "this argument is more appropriately raised on a motion for summary judgment or at trial because a motion to amend is not a proper vehicle for the determination of the merits of an issue" (*supra*, at 871).

Cardona, P. J., Mercure, White and Peters, JJ., concur. Ordered that the order is reversed, on the law, with costs, and motion granted.