■ Theodore R. Rahn et al., Respondents, v Timothy P. Carkner, Appellant. [659 NYS2d 143] —White, J. Appeal from an order of the Supreme Court (Demarest, J.), entered April 25, 1996 in St. Lawrence County, which granted plaintiffs' motion for leave to serve an amended complaint.

In this action, plaintiffs seek to recover damages for personal injuries sustained by plaintiff Theodore R. Rahn (hereinafter plaintiff) when his vehicle was struck in the rear by a vehicle operated by defendant. Following joinder of issue and after some discovery had been conducted, Supreme Court granted plaintiffs leave to amend the complaint to add a claim for punitive damages. Defendant now appeals.

It is well settled that the decision to grant leave to amend a pleading rests within the trial court's discretion and, absent a showing that prejudice to the nonmoving party will result or that the amendment plainly lacks merit, leave will be freely given (*see,* CPLR 3025 [b]; *Bombard v Central Hudson Gas & Elec. Co.*, 205 AD2d 1018, 1019, *lv dismissed* 84 NY2d 923). Defendant argues that Supreme Court improvidently exercised

its discretion in granting leave to amend the complaint insofar as plaintiffs failed to establish that their claim for punitive damages has merit. We do not agree. "With respect to claims for punitive damages, they 'may be awarded when a defendant's conduct is so reckless or wantonly negligent as to be the equivalent of a conscious disregard of the rights of others' " (*Harrell v Champlain Enters.*, 222 AD2d 876, quoting *Dumesnil v Proctor & Schwartz*, 199 AD2d 869, 870). Although that conduct need not be intentional (*see, Rinaldo v Mashayekhi*, 185 AD2d 435, 436), it must be "so flagrant as to transcend mere carelessness" (*Frenya v Champlain Val. Physicians' Hosp. Med. Ctr.*, 133 AD2d 1000, 1001).

Here, plaintiffs' claim for punitive damages is based upon the fact that after colliding with the rear of plaintiff's vehicle, defendant struck plaintiff's vehicle a second time in his successful attempt to flee the scene of the accident, leaving plaintiff injured and his passengers unattended. This claim is supported by plaintiff's affidavit in which he avers that he was injured by the second rear-end collision caused by defendant's attempt to flee the scene, that defendant knowingly left the scene without assisting him or others involved in the accident, and that defendant was subsequently apprehended and convicted of violating Vehicle and Traffic Law § 600 (1) (a) prohibiting a driver from leaving the scene of a property damage accident. In our view, these allegations were sufficient to demonstrate that the claim for punitive damages was not plainly lacking in merit (*cf., Taylor v Dyer*, 190 AD2d 902).

Contrary to defendant's contention, plaintiffs' claim does not amount to a separate cause of action but is plead as an item of damage with respect to the negligence cause of action (*see, Dumesnil v Proctor & Schwartz, supra*, at 870). Inasmuch as the amendment does not plainly lack merit and defendant has not argued that he would be prejudiced thereby, we find that Supreme Court did not abuse its discretion and accordingly affirm.

Cardona, P. J., Mercure, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.