■ LEONARD LaBARRE et al., Appellants, v STEWART MITCHELL et al., Defendants, and AMWAY CORPORATION, Respondent. [681 NYS2d 653] —Mercure, J. Appeal from an order of the Supreme Court (Dawson, J.), entered June 24, 1997 in Clinton County, which, *inter alia*, granted defendant Amway Corporation's motion for summary judgment dismissing the complaint against it.

Plaintiffs sustained extensive damage to their commercial building and its contents as the result of an October 9, 1987 fire. At the time of the fire, the property was equipped with a

combination fire and burglar alarm system, marketed by defendant Amway Corporation as the "Amway Amgard Perimeter Alarm System". The system was sold to plaintiffs by S & L Enterprises, a business owned and operated by defendants Stewart Mitchell and Linda Mitchell, who served as "Amway distributors". According to plaintiffs, following the outbreak of the fire the alarm system's outdoor horns failed to sound due to the fact that wires connecting the horns to the alarm system console had been cut off by the fire, thereby preventing early detection and extinguishment of the fire.

In this action, plaintiffs seek to recover for the damage to their real and personal property and loss of business income resulting from Amway's alleged negligence (first cause of action) and breach of implied and express warranties (second and third causes of action) and on a strict products liability theory (fourth cause of action). Their claim of tort liability is predicated upon the theory that the alarm system was defectively designed by virtue of Amway's failure to provide for physical protection of the wires between the console and the external horns. Following joinder of issue and some discovery, Supreme Court granted summary judgment in favor of Amway dismissing the second and third causes of action as barred by the applicable Statute of Limitations and dismissing the first and fourth causes of action based upon its conclusion that the damages sought by plaintiffs, consisting of purely economic losses, are not recoverable under a tort theory. Plaintiffs appeal, contesting only the dismissal of their first and fourth causes of action.

As correctly recognized by Supreme Court, whether pleaded in negligence or in strict liability, there can be no tort recovery in the case where a "product, although not itself unduly dangerous, does not function properly, resulting in economic loss other than physical damage to persons or property" (*Schiavone Constr. Co. v Elgood Mayo Corp.*, 81 AD2d 221, 228, *revd on dissenting opn below* 56 NY2d 667 [dissenting opn of Silverman, J.]; *see, Bellevue S. Assocs. v HRH Constr. Corp.*, 78 NY2d 282, 291). Rather, "reflect[ing] the principle that defects related to the quality of the product, e.g., product performance, go to the expectancy of the parties (loss of bargain) and are not recoverable in tort * * * 'economic loss' claims [are relegated] to the law of contracts and warranty which governs the economic relations between suppliers and consumers of goods" (*Hemming v Certainteed Corp.*, 97 AD2d 976 [citations omitted]; *see, Bellevue S. Assocs. v HRH Constr. Corp.*, *supra*, at 294-295). Unfortunately, the rule is often easier stated than applied,

particularly in cases "fall[ing] in the borderland between tort and contract" (*Sommer v Federal Signal Corp.*, 79 NY2d 540, 550).

In determining whether a tort claim can be based on product malfunction, it is necessary to perform an analysis of the inter-related factors of "[t]he nature of the defect, the injury, the manner in which the injury occurred and the damages sought" (*Bellevue S. Assocs. v HRH Constr. Corp., supra*, at 293; *see, Pennsylvania Glass Sand Corp. v Caterpillar Tractor Co.*, 652 F2d 1165, 1173; *Village of Groton v Tokheim Corp.*, 202 AD2d 728, 728-729, *lv denied* 84 NY2d 801), factors which "bear directly on whether the safety-insurance policy of tort law or the expectation-bargain protection policy of warranty law is most applicable to a particular claim" (*Pennsylvania Glass Sand Corp. v Caterpillar Tractor Co., supra*, at 1173). It is true, as observed by Supreme Court, that the damages claimed by plaintiffs were the result of the alarm system's failure to perform as intended, a factor which, considered in a vacuum, would tend to negate tort liability (*see, e.g., Bellevue S. Assocs. v HRH Constr. Corp., supra*, at 294-295; *Bristol-Meyers Squibb v Delta Star*, 206 AD2d 177; *Arell's Fine Jewelers v Honeywell, Inc.*, 170 AD2d 1013; *Lake Placid Club Attached Lodges v Elizabethtown Bldrs.*, 131 AD2d 159; *Hemming v Certainteed Corp., supra*). Further, we cannot ignore the fact that the product's failure was not a direct cause of the damage to plaintiffs' property (*compare, Syracuse Cablesystems v Niagara Mohawk Power Corp.*, 173 AD2d 138 [exploding transformer caused PCBs in an associated switch mechanism to enter the building occupied by the plaintiffs]); rather, the damage was undisputably caused by a fire of wholly independent origin.

Up to this point, however, we have given no real consideration to the nature of the defect alleged by plaintiffs, the manner in which the damage arose or the resulting harm. First, and contrary to Supreme Court's conclusion, it is our view that a defectively designed alarm system such as the one alleged to have been involved here may be considered an inherently dangerous product. As with the negligent provision of fire alarm services, the failure of a fire alarm system to perform its intended function "carefully and competently can have catastrophic consequences" (*Sommer v Federal Signal Corp., supra*, at 553), and a design creating an unreasonable risk of failure in such a system would render it dangerous and defective (*see, id.; Pennsylvania Glass Sand Corp. v Caterpillar Tractor Co., supra*, at 1174-1175 [front-end loader lacking a system to suppress or extinguish fires constitutes a safety hazard]). Second,

the fact that plaintiffs seek to recover for damages caused by a fire that spread out of control—an " 'abrupt, cataclysmic occurrence' " (*Sommer v Federal Signal Corp., supra*, at 553)—militates strongly in favor of a finding of tort liability (*id.*, at 553; *Pennsylvania Glass Sand Corp. v Caterpillar Tractor Co., supra*, at 1172, 1174; *Trustees of Columbia Univ. v Gwathmey Siegel & Assocs. Architects*, 192 AD2d 151, 155; *compare, Syracuse Cablesystems v Niagara Mohawk Power Corp, supra*, at 143, *with Bristol-Meyers Squibb v Delta Star, supra*, at 180).

In fact, the factors presented in this case are very similar to the ones previously considered by this Court in *Village of Groton v Tokheim Corp.* (202 AD2d 728, *supra*). There, a regulator in an above-ground fuel dispensing system failed due to excess pressure from thermal expansion of the fuel in the piping, causing a fuel leak. Noting the potential for fire or explosion created by the leaking fuel (notwithstanding the absence of any abrupt, cataclysmic occurrence), we determined that use of the regulator in above-ground systems lacking a pressure relief mechanism between the regulator and the fuel storage tank created a hazardous condition, requiring appropriate product warnings (*id.*, at 729-730). Based upon the danger attendant to use of the product and also the fact that the plaintiff sought to recover for physical injury to property other than the fuel dispensing system itself, this Court permitted recovery in tort (*id.*, at 729). Perceiving no basis for a contrary result here, we conclude that Supreme Court erred in its conclusion that plaintiffs may not as a matter of law recover under a tort theory of liability and in its consequent grant of summary judgment in favor of Amway on the first and fourth causes of action.

As a final matter, in view of the passage of nearly two years since the time of plaintiffs' cross motion to compel discovery and the fact that Supreme Court's dismissal of the complaint precluded its timely disposition of that motion, plaintiffs are authorized to renew their motion in Supreme Court, should they be so advised, seeking to compel discovery of such items and material as may be appropriate under the prevailing state of facts.

Cardona, P. J., White, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is modified, on the law, with costs to plaintiffs, by reversing so much thereof as granted the motion awarding summary judgment in favor of defendant Amway Corporation on plaintiffs' first and fourth causes of action; motion denied with regard to said causes of action and matter remitted to the Supreme Court for further proceedings not in-

consistent with this Court's decision; and, as so modified, affirmed.