■ DALE L. ACKER et al., Appellants, v ALAN V. GARSON, Respondent. [759 NYS2d 609] —Cardona, P.J. Appeal from an order of the Supreme Court (Keegan, J.), entered December 12, 2002 in Albany County, which denied plaintiffs' motion for leave to amend their complaint.

This action stems from an August 22, 2001 motor vehicle accident in the Town of Guilderland, Albany County. On that day, plaintiff Dale L. Acker was making a right-hand turn from Route 155 into a parking lot when the right rear side of her vehicle was struck by defendant's vehicle with sufficient force to spin Acker's vehicle around. Witnesses at the scene reported that, immediately prior to the collision, defendant was passing vehicles from the right-hand shoulder of the 40 mile-per-hour road. One of the witnesses stated that defendant did so at a speed of "at least 70" miles per hour. Following commencement of this action in February 2002, plaintiffs apparently learned in the course of discovery that, in connection with this accident, defendant pleaded guilty to charges of passing on the right, unsafe passing and reckless driving in violation of Vehicle and Traffic Law §§ 1122, 1123 (b) and § 1212. Thereafter, citing to the certificate of conviction and the sworn statements of the eyewitnesses, plaintiffs moved to amend the complaint to include a claim for punitive damages in the ad damnum clause. Supreme Court denied the motion, prompting this appeal.

Generally, "leave to amend a complaint rests within the trial

court's discretion and should be freely granted in the absence of prejudice or surprise resulting from the delay except in situations where the proposed amendment is wholly devoid of merit" (*Berger v Water Commrs. of Town of Waterford,* 296 AD2d 649, 649 [2002]; *see* CPLR 3025 [b]). Inasmuch as plaintiffs' claim for punitive damages "rests on the same factual circumstances as those forming the basis of the original complaint" (*Kaplan v Sparks,* 192 AD2d 1119, 1120 [1993]), we find no evidence that defendant would be surprised or prejudiced by the amendment. Furthermore, as to Supreme Court's finding that the proposed amendment patently lacked merit, we do not agree (*see Berger v Water Commrs. of Town of Waterford, supra*). "Punitive damages may be awarded when a defendant's conduct is so reckless or wantonly negligent as to be the equivalent of a conscious disregard of the rights of others" (*Dumesnil v Proctor & Schwartz,* 199 AD2d 869, 870 [1993] [citation omitted]; *see Rahn v Carkner,* 241 AD2d 585, 586 [1997]; *Rinaldo v Mashayekhi,* 185 AD2d 435, 436 [1992]).

Here, given the certificate of conviction submitted by plaintiffs (*see Miszko v Luma,* 284 AD2d 641, 642 [2001]), as well as sworn proof indicating that defendant was speeding while passing cars from the right shoulder, we cannot conclude that the motion to amend was plainly lacking in merit. Although Supreme Court cited to proof supporting defendant's contentions that he was not speeding and the collision occurred because the tie rod of his vehicle snapped, such assertions are "more appropriately raised on a motion for summary judgment or at trial because a motion to amend is not a proper vehicle for the determination of the merits of an issue" (*Dumesnil v Proctor & Schwartz, supra* at 871; *see Harrell v Champlain Enters.,* 222 AD2d 876, 877 [1995]; *see also Kaplan v Sparks, supra* at 1120).

Mercure, Peters, Carpinello and Lahtinen, JJ., concur. Ordered that the order is reversed, on the law, with costs, and motion granted.