■ GEORGE F. BASTIAN III, Appellant, v STATE OF NEW YORK, Respondent. [779 NYS2d 589]—

Spain, J. Appeal from an order of the Court of Claims (Lebous, J.), entered December 20, 2002, which denied claimant's motion to amend the claim.

Claimant, an inmate, commenced this pro se medical malpractice action against defendant in August 2001, alleging that the indifference shown by prison medical officials between Janu-

ary 2001 and August 2001 toward claimant's preexisting diabetes and carpal tunnel syndrome, among other conditions, had significantly jeopardized his health. In January 2002, claimant filed a "Supplemental Pleadings/Addendum to Complaint" containing additional claims of medical practice relating to the improper withholding and prescription of medications which had allegedly occurred since the filing of the original claim.

In April 2002, claimant moved to further amend his claim by again inserting new allegations of postclaim medical malpractice, including an April 2002 diagnosis of diabetic retinopathy and a June 2002 misdiagnosis regarding claimant's carpal tunnel syndrome and increasing his claim for damages from $354,750 to in excess of $3 million. Defendant opposed the motion on the ground that the new claims improperly expanded the original causes of action stated by claimant and, in any event, were without merit. The Court of Claims denied claimant's motion not for these reasons, but because it found that the proposed amendments did not substantially alter or amend the original claim and, therefore, were unnecessary. Claimant appeals.

In our view, the denial of claimant's motion, under the circumstances presented, constituted an improvident exercise of discretion. As relevant here, CPLR 3025 (b) provides that a party is entitled to "amend his pleading, or supplement it by setting forth additional or subsequent transactions or occurrences, at any time by leave of court" (see Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3025:9). Leave to amend in this fashion should be freely given unless the proposed amendments plainly lack merit or would cause the nonmoving party to suffer prejudice or unfair surprise (see CPLR 3025 [b]; Acker v Garson, 306 AD2d 609, 610 [2003]; De Cristofaro v Joann Enters., 243 AD2d 1015, 1018 [1997]).

Here, claimant has alleged that ongoing acts of medical malpractice perpetrated by prison medical personnel since the filing of his original claim have continued to exacerbate his preexisting medical problems and, therefore, justify the significantly increased damages he now seeks. We disagree with the Court of Claims that these new allegations, particularly the diagnosis of diabetic retinopathy and the medical treatment of claimant's carpal tunnel syndrome, are insubstantial changes which necessarily fall within the purview of the original claim. Although based on the underlying preexisting conditions to which claimant first referred in the initial claim, the new allegations refer to separate and distinct acts of malpractice occurring outside of the limited time frame originally specified. Because

the proposed amendments, as supported by claimant's submission of medical documentation, are not plainly devoid of merit and no prejudice has been shown by defendant, we conclude that claimant's motion to supplement his claim to include the subsequently occurring factual allegations should have been granted (*see Acker v Garson, supra* at 610; *Berger v Water Commrs. of Town of Waterford*, 296 AD2d 649, 649-650 [2002]; *see also Woodbrook Houses v Hercoform Mktg.*, 129 AD2d 1001 [1987]; *compare Moon v Clear Channel Communications*, 307 AD2d 628, 630 [2003]).

Cardona, P.J., Peters, Carpinello and Kane, JJ., concur. Ordered that the order is reversed, on the law, without costs, and motion granted.