ADIRONDACK COMBUSTION TECHNOLOGIES, INC., Respondent, v UNICONTROL, INC., Appellant. [793 NYS2d 576]—

Mercure, J.P. Appeal from an order of the Supreme Court (Reilly, Jr., J.), entered June 3, 2004 in Schenectady County, which, inter alia, denied defendant's motion for summary judgment dismissing the complaint.

Plaintiff was a subcontractor to nonparty Albany Specialties, Inc. on a boiler repair project at the SUNY New Paltz power plant. Plaintiff was also defendant's sales representative, and brokered the sale of a controller device manufactured by defendant to Albany Specialties. Plaintiff installed the controller device into a boiler at SUNY New Paltz and, during a commission test of the boiler by plaintiff, the controller device failed to perform as expected, requiring an immediate shut down of the boiler. A consequent "puffback" explosion caused damage to the boiler. Plaintiff and two subcontractors hired by it performed repairs to the boiler. Plaintiff commenced this action seeking recovery from defendant of the cost of the repairs and injury to its business reputation, asserting causes of action in negligence, strict products liability, and breach of warranty. Defendant moved for summary judgment dismissing the complaint, and plaintiff cross-moved to amend the complaint. Supreme Court denied defendant's motion and granted the cross motion. Defendant appeals, and we now modify to dismiss plaintiff's claims for breach of express and implied warranties.

Turning first to the cross motion, it is well established that leave to amend a pleading is to be freely granted when the proposed amendment is not plainly lacking in merit and would not cause prejudice or unfair surprise to the nonmoving party (*see* CPLR 3025 [b]; *Bastian v State of New York*, 8 AD3d 764, 765 [2004]; *Moon v Clear Channel Communications*, 307 AD2d 628, 629 [2003]; *Curtin v Community Health Plan*, 276 AD2d 884, 886 [2000]). Here, plaintiff proposed to add a cause of action for breach of the sales representative agreement, to which defendant was a signatory, and which includes a broad indemnification of plaintiff for any and all claims, damages or lawsuits arising from a defective product manufactured by defendant. Plaintiff alleged both product defect and damages in the form of costs of repairing the damaged boiler, and thus, the proposed amendment was not lacking in merit. The cross motion was made before depositions were conducted, and defendant claims neither prejudice nor undue surprise from the proposed amendment. We conclude that Supreme Court did not abuse its discretion by permitting plaintiff to serve an amended complaint (*see Aiello v Manufacturers Life Ins. Co. of N.Y.*, 298 AD2d 662 [2002], *lv dismissed and denied* 99 NY2d 575 [2003]).

When a party seeks damages from a manufacturer based upon

a defective product, the availability of recovery in tort rests upon an analysis of " '[t]he nature of the defect, the injury, the manner in which the injury occurred and the damages sought' " (*LaBarre v Mitchell*, 256 AD2d 850, 852 [1998], quoting *Bellevue S. Assoc. v HRH Constr. Corp.*, 78 NY2d 282, 293 [1991]). Defendant focuses on the injury suffered, and contends that because damage was caused only to the boiler, plaintiff has no remedy in tort (*see Bocre Leasing Corp. v General Motors Corp. [Allison Gas Turbine Div.]*, 84 NY2d 685 [1995]). This argument is flawed because defendant's product was the controller device, not the boiler, which sustained direct and consequential physical damage as a result of the "puffback" explosion that occurred following the failure of defendant's product (*see Flex-O-Vit USA v Niagara Mohawk Power Corp.*, 292 AD2d 764, 767 [2002], *lv dismissed* 99 NY2d 532 [2002]; *see also LaBarre v Mitchell, supra* at 852 [the plaintiffs sought recovery for fire damages sustained due to defective fire alarm]). Because the damage alleged is more than damage to the controller device itself, Supreme Court properly denied summary dismissal of plaintiff's causes of action for negligence and strict products liability.

Supreme Court erred, however, in failing to dismiss plaintiff's third cause of action sounding in breach of express and implied warranties. At oral argument, plaintiff conceded that it did not rely upon an express warranty made with respect to the controller device. A claim based upon a breach of an implied warranty requires a showing of privity between the manufacturer and the plaintiff when there is no claim for personal injuries (*see Jaffee Assoc. v Bilsco Auto Serv.*, 58 NY2d 993, 995 [1983]; *Arell's Fine Jewelers v Honeywell, Inc.*, 170 AD2d 1013, 1014 [1991]; *County of Chenango Indus. Dev. Agency v Lockwood Greene Engrs.*, 114 AD2d 728, 730 [1985], *appeal dismissed* 67 NY2d 757 [1986]; *Hole v General Motors Corp.*, 83 AD2d 715, 716 [1981]). While plaintiff presents a sales representative agreement between it and defendant to establish privity, that contract defines the rights, obligations and remedies of the parties with respect to plaintiff's agency on defendant's behalf, but it lacks any contemplation of plaintiff as an end user of the controller device at issue in this matter. Even affording plaintiff's papers the favorable view to which they are entitled on this motion (*see Johnson City Cent. School Dist. v Fidelity & Deposit Co. of Md.*, 263 AD2d 580, 581-582 [1999]), there is nothing that permits the inference that plaintiff and defendant were in privity of contract related to the use of the controller device.

We have considered the parties' remaining arguments and find them to be either meritless or academic.

Spain, Carpinello, Rose and Kane, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied defendant's motion dismissing the third cause of action; motion granted to that extent and summary judgment awarded to defendant dismissing said cause of action; and, as so modified, affirmed.