■ STRUCTURE-TONE, INC., Plaintiff, v IGNELZI INTERIORS, INC., Defendant and Third-Party Plaintiff-Respondent. BRENNAN BEER GORMAN/ARCHITECTS, P.C., et al., Third-Party Defendants-Appellants. IGNELZI INTERIORS, INC., Second Third-Party Plaintiff-Respondent, v BLUEPRINT PLUMBING LLC, Second Third-Party Defendant-Appellant. [835 NYS2d 129]—

Order, Supreme Court, New York County (Herman Cahn, J.), entered October 26, 2006, which, to the extent appealed from as limited by the briefs, denied the respective motions of first third-party defendants Brennan Beer Gorman/Architect, P.C., Wm. Erath & Son, Inc. and A-Val Architectural Metal Corp., to dismiss the first third-party complaint pursuant to CPLR 3211 (a) (7), and denied the motion of second third-party defendant Blueprint Plumbing LLC for summary judgment dismissing the second third-party complaint, unanimously affirmed, with costs.

The action and third-party actions arise from the renovation of guest bathrooms of the Sheraton New York Hotel & Towers. When the marble countertops cracked, plaintiff contractor sued subcontractor, defendant Ignelzi, the fabricator of the subcountertops, alleging that the plywood used by Ignelzi was inferior and not in compliance with the specifications. Ignelzi, in turn, commenced third-party actions against the architect and other subcontractors who supplied the marble, fixtures and assembled the vanity pieces, alleging, based on its expert's report, that the cracking was not the result of the plywood but of design and/or installation defects.

Liberally construing the third-party complaint and accepting the allegations as true, the court properly found that Ignelzi's contribution claims were sufficiently stated given the allegations that third-party defendants owed duties to both Ignelzi and plaintiff, the breach of which augmented plaintiff's damages (*see Schauer v Joyce*, 54 NY2d 1, 5 [1981]). The contribution claims are not barred by the economic loss rule, since the damages sought by plaintiff, as alleged, are not solely attribut-

able to Ignelzi's work product, but also to the work product of the architect and other subcontractors, which damages would qualify in this context as tort damages and injury to property within the meaning of CPLR 1401 (*see Adirondack Combustion Tech., Inc. v Unicontrol, Inc.*, 17 AD3d 825, 826-827 [2005]; *Arkwright Mut. Ins. Co. v Bojoirve, Inc.*, 1996 WL 361535, 1996 US Dist LEXIS 9013 [SD NY 1996]).

Although it is alleged in the main action that Ignelzi was at fault, dismissal of its indemnification claims was properly denied since, at this early juncture in the litigation, and particularly in light of Ignelzi's expert affidavit supporting its claims that other parties were at fault, it is not possible to determine whose wrongdoing caused plaintiff's damages (*see Arkwright Mut. Ins. Co. v Bojoirve, Inc., supra*).

We have considered the remaining arguments for affirmative relief and find them unavailing. Concur—Marlow, J.P., Nardelli, Gonzalez, Sweeny and Malone, JJ.