Wilson, J.
(dissenting). I am in the odd position of endorsing everything in the majority’s opinion except the result. Instead of reversing, the matter should be remitted to the Appellate Division for resolution of the Surrogate’s Court’s alternative holding — that decedent’s estate was obligated to satisfy the mortgage as a “just debt.” The Appellate Division expressly bypassed that issue because of its holding for petitioners on promissory estoppel grounds.
The first article of decedent’s last will and testament directs the executor to make “payment of any and all just debts.” In Surrogate’s Court, petitioners repeatedly argued that the estate should pay the mortgage balance because it was a “just debt.” In the opening paragraph of their affidavit supporting their claim pursuant to SCPA 1803, they “demanded] that the estate discharge [the mortgage] as a ‘just debt’ of the estate” (see aff supporting notice of claim, June 28, 2011, ¶ 1). Later, they alleged that because the 2008 will required the payment of just debts, “and the obligation to pay the mortgage debt at issue is one of [those] just debts,” the estate had an obligation to satisfy it (see id. f 15 [internal quotation marks omitted]). Thus, at the time they filed the notice, petitioners “intend [ed] to petition for a construction of the Will’s directive to pay ‘just debts’ as including the obligation to pay this mortgage debt, and seek such other and further relief as is just and proper” {id. f 22).
Later, in their verified petition to adjudicate the notice of claim, petitioners again averred that the estate was required to satisfy the mortgage as a “just debt” (see verified petition, Dec. 19, 2011, ¶¶ 2, 18).
After ruling for petitioners on promissory estoppel grounds, the Surrogate’s Court’s decision and order independently addressed the “just debts” claim, stating that “ [i] t is also worth mentioning here that despite the omission from the decedent’s *499 2008 will of the language contained in article fifth of his 2006 will, the court finds that the mortgage debt is a ‘just debt’ of the decedent and must be paid by the estate pursuant to article first of the 2008 will” (Matter of Hennel, 40 Misc 3d 547, 560 [Sur Ct, Schenectady County 2013]).
The Surrogate’s Court then rejected respondent’s argument that EPTL 3-3.6 relieved the estate of the obligation to satisfy the mortgage as a just debt, holding that the statute was inapplicable because the property was not “specifically disposed of by will or pass[ed] to a distributee,” and had instead been conveyed by deed, four years before decedent died (see id.). Petitioners all along presented the “just debts” claim as distinct from their promissory estoppel claim, and the Surrogate did the same, grounding it in an interpretation of the decedent’s directive in the first article of his 2008 will.
The Surrogate’s Court “exercise [s] full and complete general jurisdiction in law and in equity to administer justice in all matters relating to estates” (SCPA 201), and its decision that the mortgage should be paid as a “just debt” is law of the case unless disturbed on appeal. The Appellate Division held that the estate was required to pay the mortgage under principles of promissory estoppel (133 AD3d 1120 [3d Dept 2015]). The majority did mention the “just debts” claim, but expressly avoided it:
“As a final matter, respondent asserts that the provision of the 2008 will directing payment of all ‘just debts’ owed by decedent’s estate was inapplicable to petitioners’ claim. Even assuming that she is correct, Surrogate’s Court remained well within its right ‘to determine all matters both legal and equitable necessary to the settlement of a decedent’s estate’ by directing respondent to satisfy a valid claim against the estate” (id. at 1123, quoting Matter of Garofalo, 141 AD2d 899, 901 [3d Dept 1988], citing SCPA 201).
The Appellate Division, therefore, did not decide the “just debts” claim, but instead held that even if the first article of decedent’s will did not require payment of the mortgage as a “just debt,” the mortgage debt was a “valid claim against the estate” by virtue of the Court’s holding on promissory estoppel, which the Surrogate’s Court had the authority to direct the estate to pay. The parties did not brief or argue the “just debts” *500 issue in this Court, so the Surrogate’s Court’s determination remains law of the case, meaning we cannot reverse and order judgment for respondent. The correct result here should be to remit the matter to the Appellate Division to determine the “just debts” issue (see Helmsley-Spear, Inc. v Fishman, 11 NY3d 470, 477 [2008] [where Appellate Division found plaintiffs’ claim preempted by federal law and did not address additional argument, and this Court reversed on preemption issue, remit-tal appropriate for “consideration of issues raised but not determined on appeal to that court”]; Lennard v Mendik Realty Corp., 8 NY3d 909, 910 [2007]).
Accordingly, much as it pains me to dissent from a beautifully written majority opinion, I must.
Chief Judge DiFiore and Judges Rivera, Stein and Garcia concur; Judge Wilson dissents in part in an opinion; Judge Feinman taking no part.
Order reversed, with costs, and the motion by respondent Hazel Hennel, as Executor of Edmund Felix Hennel, Deceased, for summary judgment dismissing the claim of petitioners Gregory Hennel et al. granted.