Nazzarro v Salvatore (2022 NY Slip Op 04210)

Nazzarro v Salvatore

2022 NY Slip Op 04210

Decided on June 30, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 30, 2022

533508
[*1]Frank A. Nazzarro Jr., Respondent,
v
Anthony Salvatore, Appellant.

Calendar Date:May 31, 2022

Before:Garry, P.J., Egan Jr., Clark, Aarons and McShan, JJ.

O'Connor, O'Connor, Bresee & First, PC, Albany (William H. Baaki of counsel), for appellant.
The Towne Law Firm, PC, Albany (James T. Towne Jr. of counsel), for respondent.

Aarons, J.
Appeal from an order of the Supreme Court (Mott, J.), entered June 8, 2021 in Ulster County, which granted plaintiff's motion to amend the complaint.
Plaintiff commenced this action for alleged personal injuries sustained after defendant backed his dump truck into him while at a gas station. Plaintiff thereafter moved to amend the complaint to add a claim for punitive damages due to defendant's "dangerous, reckless and careless manner" in operating the dump truck and defendant's "conscious, wanton disregard for [plaintiff's] safety" and the safety of others. Supreme Court granted the motion, prompting this appeal by defendant. We affirm.
Defendant's assertion that his conduct did not rise to the level of reprehensible misconduct so as to warrant punitive damages is without merit. The record discloses that defendant was verbally arguing with plaintiff and plaintiff's friend, whose vehicle was blocking a pump. According to the friend, he planned on moving his vehicle after putting items away but defendant wanted it done immediately. The friend testified at his deposition that defendant said, "if you're not going to move it[,] I'm going to move it for you." While plaintiff was between the friend's trailer and defendant's dump truck, defendant "revved th[e] motor" and backed into the trailer. Before being able to jump out of the way, plaintiff was hit. A nonparty witness testified at a deposition that defendant "did it on purpose" and that plaintiff could have been killed. The nonparty witness also stated that, after plaintiff escaped, defendant "revved the truck again and continued to hit [the] trailer."
In view of the proof of defendant's aggressive operation of his dump truck, plaintiff's proposed claim is not palpably insufficient or patently devoid of merit (see Acker v Garson, 306 AD2d 609, 610 [2003]; Rahn v Carkner, 241 AD2d 585, 586 [1997]). Although defendant testified to a contrary version of the events at issue, plaintiff was not required to prove the merits of his proposed claim at this juncture (see Green Tree Servicing, LLC v Feller, 159 AD3d 1246, 1247 [2018]). Taking into account that leave to amend "shall be freely given" (CPLR 3025 [b]), Supreme Court providently exercised its discretion in granting plaintiff's motion (see Rahn v Carkner, 241 AD2d at 586).
Garry, P.J., Egan Jr., Clark and McShan, JJ., concur.
ORDERED that the order is affirmed, with costs.