■ CITY OF NEW YORK, Respondent, v GILBERTO CASTRO et al., Defendants, and JOHN DOE et al., Appellants.—Order of the Supreme Court, New York County (William J. Davis, J.), entered February 28, 1989, which granted the motion of the plaintiff City of New York for an order pursuant to CPLR 6301 and Administrative Code of the City of New York § 7-707 preliminarily enjoining defendants from the use and occu-

pancy of the first-floor area of the premises located at 702-04 Amsterdam Avenue in Manhattan, unanimously affirmed, without costs.

Plaintiff city commenced this action and sought the preliminary closing order under section 7-701 *et seq.* of the Administrative Code of the City of New York (Nuisance Abatement Law), based upon the affidavits of six New York City police officers who observed illegal gambling (Penal Law art 225) taking place in the first-floor rear of the subject premises. Appellant does not contest the fact that the affidavits attesting to six violations of article 225 of the Penal Law establish a prima facie showing sufficient to sustain the temporary closing order (Administrative Code § 7-703 [g]; *City of New York v Bilynn Realty Corp.,* 118 AD2d 511, 512-513). Rather, it is contended that the use of the word "violations" in section 7-703 (g) as opposed to "convictions" used in subdivisions (a), (b) and (c) of section 7-703 renders the section so vague as to be unconstitutional.

Due process requires only a reasonable degree of certainty so that individuals of ordinary intelligence are not forced to guess at the meaning of the statutory terms *(Foss v City of Rochester,* 65 NY2d 247, 253). Section 7-703 (g) of the Administrative Code of the City of New York specifically cites the sections of the Penal Law that set out the conduct which constitutes a nuisance. The language of the section is to be given its plain meaning (McKinney's Cons Laws of NY, Book 1, Statutes § 94) and construed according to the fair import of its terms (Penal Law § 5.00). "[V]iolations" in the context of section 7-703 (g) clearly means the existence of the prohibited conduct set out in Penal Law articles 220, 221 and 225 and does not require criminal prosecution and conviction.

The proceeding is civil in nature, as are the penalties which can ultimately be imposed (Administrative Code § 7-704; *City of New York v Taliaferrow,* 158 AD2d 445). Moreover, the court's jurisdiction on the application for preliminary injunctive relief is invoked by the existence of the nuisance at the premises. Thus, its jurisdiction is in rem, and its orders are enforced against the premises. The personal fault of the owner is not a material consideration upon such an application *(see,* Administrative Code § 7-709 [a]; *City of New York v 115 Hamilton Place Dev. Fund Corp.,* NYLJ, Feb. 7, 1990, at 22, col 5). Thus, the presumption that the person in charge of the premises at which the nuisance is discovered is the agent or employee of the owner or lessees (Administrative Code § 7-706 [g]) does not arise on an application for preliminary relief and,

in any event, does not violate Fifth Amendment entitlements because the nature of the proceeding is not criminal *(United States v Ward,* 448 US 242, 245). Concur—Ross, J. P., Carro, Kassal, Ellerin and Rubin, JJ. *[See,* 143 Misc 2d 766.]