[640 NYS2d 497]

CITY OF NEW YORK, Appellant, v 924 COLUMBUS ASSOCIATES, L. P., et al., Respondents.

First Department, March 19, 1996

### APPEARANCES OF COUNSEL

*Ronald E. Sternberg* of counsel *(Leonard Koerner* on the brief; *Paul A. Crotty, Corporation Counsel* of New York City, attorney), for appellant.

*Michael N. Coritsidis* of counsel *(Coritsidis & Lambros,* attorneys), for William Marolda and another, respondents.

### OPINION OF THE COURT

NARDELLI, J.

The City Council has determined that the use of property in flagrant violation of the laws relating to controlled substances and dangerous drugs interferes with the "quality of life" and the community environment, besides endangering property values and the public health, safety and welfare of the public, and therefore, enacted the "Nuisance Abatement Law" (Administrative Code of City of NY § 7-701). This action deals with the application of this law and the burden of proof required of the City in obtaining relief, as well as the burden of defendants in vacating orders entered pursuant to the statute.

The subject premises is a retail store located in the ground floor of a building at 924 Columbus Avenue in Manhattan. The building is owned by defendant 924 Columbus Associates, L. P. (Associates). Defendant William Marolda is the building's managing agent and defendant Fred Marolda is the President of Associates.

On five separate occasions between April 8, 1993 and August 17, 1993 a total of seven bags of marihuana were purchased from persons at the premises, and based upon this, a search warrant was issued and the police found 10 bags of marihuana inside the premises; another 10 bags were seized from one of the individuals arrested in the premises. The owner was noti-

fied by the Police Department by letter dated August 20, 1993 of the criminal activity occurring on the premises and warned that failure to address the problem could affect its rights in the property.

Pursuant to the "Nuisance Abatement Law", the following is declared to be a public nuisance: "Any building * * * wherein, within the period of one year prior to the commencement of an action under this chapter, there have occurred five or more violations of any of the provisions of article * * * two hundred twenty one * * * of the penal law" (Administrative Code § 7-703 [g] [amended to three violations, eff Dec. 29, 1993, Local Laws, 1993, No. 113 of City of NY, § 1]; Penal Law art 221 deals with offenses involving marihuana).

Further, Administrative Code § 7-703 (l) provides that "[a]ny building * * * wherein there is occurring a criminal nuisance as defined in section 240.45 of the penal law" constitutes a public nuisance. This latter section of the Penal Law defines criminal nuisance as "any premises * * * where persons gather for purposes of engaging in unlawful conduct" (§ 240.45 [2]).

The City commenced this action for a permanent injunction and moved for a preliminary injunction and a temporary closing of the premises (Administrative Code § 7-706 [a]; §§ 7-707, 7-709). The Supreme Court granted a temporary restraining order and a temporary closing order pending the hearing on the preliminary injunction (Administrative Code §§ 7-710, 7-711). When the police closed the premises on February 2, 1994 pursuant to this order an additional 169 bags of marihuana were seized from the premises. In May or June of 1994, without notice to the Corporation Counsel or application to the court, the defendants relet the subject premises despite the existence of the closing order which was still in effect.

The Supreme Court, thereafter, dismissed this action as "moot" since "everything the City needed to do has been done". This determination by the nisi prius court was in error and, therefore, we reverse.

The temporary restraining order and temporary closing order were properly granted upon clear and convincing evidence that drugs were sold to undercover police officers on five different occasions within a one-year period (see, Administrative Code §§ 7-707, 7-709).

The IAS Court erred, however, when it found that the nuisance had been abated pursuant to Administrative Code

§ 7-712 (a), and that in the absence of any showing that defendants relet the premises to a new tenant engaging in unlawful activity, that the City's demand for additional injunctive relief was unwarranted. It further erred when it dismissed that portion of the City's claims for civil penalties pursuant to Administrative Code § 7-706 (h) and § 7-716 (c).

Section 7-712 (a) provides, in pertinent part, that a temporary closing order shall be vacated "if the *defendant* shows by affidavit and such other proof as may be submitted that the public nuisance within the scope of this subchapter has been abated" (emphasis added).

The opposition by defendants herein to the motion for a preliminary injunction consisted of an affidavit by defendant Frederick Marolda, the general partner of the defendant 924 Columbus Associates, L. P., which conclusorily asserts that any illegality was committed by Swete's Variety, Inc., and not by him, his brother (William Marolda, the managing agent of the property) or the partnership. In addition, Mr. Marolda asserts that another named individual entered into a lease on June 1, 1994 to operate a store for botanical and religious articles, and again conclusorily asserts: "Therefore, there is no illegal activity taking place in the premises at this time".

However, the mere fact that Swete's Variety has left and a new tenant installed does not show that the previous illegality has abated. It is apparent from the caption of this action that the premises was known by different names in the past. Thus, the Corporation Counsel, in its affidavit in support of a preliminary injunction, noted that the premises "appears to be a record store", formerly known as "Sun Splash Records", and had a sign over the entrance that read (at that time) "Swete's Variety, Inc.". The landlord's bald assertion that it rented to another named tenant, together with the submission of a lease in the name of that tenant, does not demonstrate that any illegality has ceased, or even that the former tenant is not present any longer under another guise.

The IAS Court erred not only in accepting defendant landlord's conclusory assertions and finding an abatement of the nuisance. It also erred in ignoring the landlord's unilateral actions in flouting the Administrative Code and the terms of the temporary closing order. The owner's "self-help" in renting the premises to another tenant without notice to the Corporation Counsel and without the leave of the court violated the clear requirements of section 7-712. Moreover, contrary to the IAS Court's determination, the temporary closing order also

clearly provided that "pending the hearing of this motion, that the subject premises shall be closed". We have previously noted, with respect to actions under the "Nuisance Abatement Law": "The proceeding is civil in nature, as are the penalties which can ultimately be imposed (Administrative Code § 7-704; *City of New York v Taliaferrow*, 158 AD2d 445). Moreover, the court's jurisdiction on the application for preliminary injunctive relief is invoked by the existence of the nuisance at the premises. Thus, *its jurisdiction is in rem, and its orders are enforced against the premises." (City of New York v Castro*, 160 AD2d 651, 652 [emphasis added].)

In accordance with Administrative Code § 7-711 (d) and (e), the City padlocked the premises and posted notices that the premises were closed by court order. Section 7-711 (f) provides that intentional disobedience of a temporary closing order "shall be punishable, on conviction, by a fine of not more than one thousand dollars or by imprisonment not exceeding six months or by both," in *addition* to any other punishment prescribed by law. Rather than penalizing the landlord defendants and the new tenant for violating the order and the mandate of the Nuisance Abatement Law, the IAS Court instead rewarded their actions in dismissing the proceeding.

Accordingly, the order of the Supreme Court, New York County (Charles Ramos, J.), entered on or about October 7, 1994, which denied plaintiff City of New York's motion for a preliminary injunction and granted defendants' cross motion for summary judgment dismissing the action, should be reversed, on the law and facts and in the exercise of discretion, without costs or disbursements, the preliminary injunction granted, the complaint reinstated and the matter remanded to the Supreme Court for further proceedings, with leave to defendants to move to vacate the closing order upon a proper notice and showing at the Supreme Court.

ROSENBERGER, J. P., ELLERIN, KUPFERMAN and MAZZARELLI, JJ., concur.

Order, Supreme Court, New York County, entered on or about October 7, 1994, reversed, on the law and facts, and in the exercise of discretion, without costs or disbursements, the preliminary injunction granted, the complaint reinstated and the matter remanded to Supreme Court for further proceedings, with leave to defendants to move to vacate the closing order upon a proper notice and showing at the Supreme Court.