OPINION OF THE COURT
Jane S. Solomon, J.
This motion provides an opportunity to explore the text of the City’s Nuisance Abatement Law. Plaintiff, the City of New York (the City) commenced this lawsuit pursuant to section 7-701 et seq. of the Administrative Code of the City of New York (the Nuisance Abatement Law) to permanently enjoin the defendants from conducting, maintaining or permitting the possession of stolen goods on the ground floor at 347-355 Madison Avenue, New York, New York (the Premises). The City also seeks civil monetary penalties against defendants pursuant to section 7-706 (h) for each day defendant(s) intentionally conducted, maintained or permitted the Premises to be used for the possession of stolen property.
By this motion, defendants Eliezer Mor (Mor) and Rogers Computer and Electronics Corp. (RCE) (collectively, the Operator defendants) request that summary judgment pursuant to CPLR 3212 be granted in their favor dismissing the complaint herein. For the reasons set forth below, the motion is granted.
BACKGROUND
On or about June 13, 1996 the City commenced this action by service of a summons and complaint, together with an order to show cause, upon the Operator defendants at the Premises where RCE maintains a retail store. Defendant Mor is the *973 manager of RCE. Defendant Metropolitan Transportation Authority (MTA) is a New York public benefit corporation and is the landlord and owner of record of the real property where the Premises are located. The order to show cause contained a temporary restraining order which restrained defendants "from conducting, maintaining or operating the subject premises as a place where stolen goods are possessed, or permitting the same, at the subject premises or any other location within the City of New York”.
This action was precipitated by two or more incidents at the Premises involving defendant Mor. The pleadings herein are supported by detailed affidavits from police officers involved in the undercover operations in question. First, in January 1996, Mor was arrested for purchasing a stolen item of merchandise at the Premises. Specifically, as set forth in the affidavits of Police Officer Judith Sena and Police Officer Thomas A. Byrne, Officers Sena and Byrne, together with Officers Edwards and Palmieri, all assigned to the Manhattan South Grand Larceny Task Force, participated in an official undercover investigation at RCE on January 16, 1996. According to the officers’ affidavits, on said date, two individuals were observed engaged in conversation with Mor at the Premises. These two individuals were then followed to a "Staples” store by the police officers who witnessed the individuals conceal and shoplift a computer modem and computer software items. One of these shoplifters was thereafter observed selling the stolen modem to Mor for United States currency at the Premises. In addition to Mor, both shoplifters were also arrested. In May 1996 Mor was arrested again, this time because he allegedly purchased four stolen knit shirts at the Premises. As detailed in the affidavit of Police Officer Jaskaran of the Manhattan South Grand Larceny Task Force, he, together with Officer Palmieri, participated in an official undercover investigation at RCE on May 15, 1996. According to Officer Jaskaran, on said date, an individual was observed concealing and shoplifting four knit shirts from a clothing store nearby the Premises. The individual then proceeded to the Premises and sold the shirts to Mor for United States currency.
The Operator defendants opposed the City’s motion for a preliminary injunction (which sought, among other forms of relief, an order closing the Premises) and, by notice of cross motion dated July 3, 1996, cross-moved for an order dismissing the complaint on the ground that it failed to state a cause of action. The Operator defendants asserted that the second ar *974 rest (involving Mor’s purchase of stolen shirts) could not count toward the two violations necessary to support an action under the Nuisance Abatement Law because the Operator defendants’ business does not involve the purchase or sale of clothing. By order dated July 22, 1996, this court (a) granted the City’s motion for a preliminary injunction only to the extent of restating the terms of the initial restraining order prohibiting unlawful conduct, and (b) denied the Operator defendants’ cross motion to dismiss the complaint because "[tjhere is a viable nuisance action pending”. The court however refused to grant that aspect of the City’s motion which sought a closing order.
In September 1996, at the direction of the New York City District Attorney’s office, the MTA commenced a holdover proceeding to evict RCE from the Premises pursuant to RPAPL 711 (5) and 715 (l)[1] in the Civil Court of the City of New York. The identical allegations of illegal purchases of stolen goods as form the basis here also formed the basis for the holdover proceeding. Pursuant to an October 4, 1996 stipulation, the holdover proceeding was settled under which RCE agreed to vacate and surrender the Premises on or before December 1, 1996. It is not disputed that the surrender did occur and RCE no longer is in possession.
Although the parties agreed to conduct depositions on September 5, 1996, to date, no depositions have been held.[2]
DISCUSSION
The Operator defendants contend that they are entitled to summary judgment dismissing the complaint on the grounds that:
(a) no cause of action exists under the Nuisance Abatement Law because the second arrest at the Premises should not count toward the two violations necessary to support a *975 nuisance abatement action because RCE’s business does not involve the purchase or sale of clothing;
(b) the Operator defendants have vacated the Premises and surrendered same to the landlord, thereby rendering moot the causes of action seeking injunctive relief; and
(c) no independent basis exists for the imposition of monetary damages and/or a civil penalty under the Nuisance Abatement Law in the absence of a viable cause of action for a permanent injunction.
The Operator Defendants’ Claim That There Have Not Been Two Qualifying Violations under Section 7-703 (m) of the Nuisance Abatement Law
Under the scheme of the Nuisance Abatement Law, locations within which certain violations of the Penal Law are occurring are declared to be public nuisances entitling the City to certain remedies. Section 7-703 includes the following within the definition of "public nuisances”:
"(/) Any building, erection or place * * * wherein there is occurring a criminal nuisance as defined in section 240.45 of the penal law[3] * * *
"(m) Any building, erection or place * * * wherein, within the period of one year prior to the commencement of an action under this chapter, there have occurred two or more violations on the part of the lessees, owners, operators, or occupants, of the provisions of sections 165.40, 165.45, 165.50, 170.65, 170.70 [offenses relating to stolen property].”
The Operator defendants contend that the second arrest (involving a purchase of stolen shirts) does not count toward the two violations necessary to support an action under section 7-703 (m) because the Operator defendants’ business does not involve the purchase or sale of clothing. However, the court, in the July 22, 1996 order denying the Operator defendants’ cross motion to dismiss, has already considered and rejected this argument, and the Operator defendants are now precluded from raising this argument anew by virtue of the doctrine of law of the case. (See, 29 NY Jur 2d, Courts and Judges, §§ 496-501.)
*976 In any event, the court is satisfied that the complaint was supported by two or more qualifying violations sufficient to state a claim under section 7-703 (m) of the Nuisance Abatement Law.
The Causes of Action for Injunctive Relief
The Operator defendants contend that the first, third and fifth causes of action of the complaint, all of which seek a permanent injunction or related relief, have been rendered moot by the Operator defendants’ vacatur of the Premises.
The City contends that, regardless of the fact that the Operator defendants have surrendered possession of the Premises, the City is entitled to a permanent injunction to bar the defendants from ever utilizing the Premises for the possession of stolen property.
The court’s jurisdiction in a nuisance abatement action is in rem and its orders are enforced against the property. (City of New York v Castro, 160 AD2d 651, 652 [1st Dept 1990]; City of New York v Dana, 165 Misc 2d 409, 416 [Sup Ct, NY County 1995].)
Here, having failed to obtain a preliminary closing order, the City chose to use the eviction mechanism. As RCE agreed to a consent judgment of eviction, and actually vacated the Premises within the stipulated time, the City was successful in its endeavors. The City nevertheless maintains that it is still entitled to pursue the permanent injunction causes of action in this lawsuit against the Operator defendants. The court disagrees. The City chose its course for removal and succeeded. As a result, the nuisance has been fully abated, and the City’s asserted need for injunctive relief now is moot. Furthermore, there is no merit to the suggestion the Operator defendants will be permitted to reenter in their own or any other name to conduct business there. (Compare, City of New York v 924 Columbus Assocs., 219 AD2d 19 [1st Dept 1996].)
The Causes of Action for Monetary Damages/Penalties
Section 7-706 of the Nuisance Abatement Law, entitled "Action for permanent injunction”, permits the court to award a penalty, as follows: "(h) Penalty. If, upon the trial of an action under this chapter or, upon a motion for summary judgment in an action under this chapter, a finding is made that the defendant has intentionally conducted, maintained or permitted a public nuisance defined in this chapter, a penalty, to be included in the judgment, may be awarded in an amount not *977 to exceed one thousand dollars for each day it is found that the defendant intentionally conducted, maintained or permitted the public nuisance.”
Since there has been no trial, no motion for summary judgment by the City, and no finding that the Operator defendants have "intentionally conducted, maintained or permitted [a] public nuisance”, they claim that a penalty award under section 7-706 (h) is not authorized here. They maintain that no provision of the Nuisance Abatement Law supports an award of damages / penalties against any of them.
As stated previously, the City opted to take advantage of another legal mechanism to abate the alleged nuisance (and indeed it orchestrated the eviction proceeding through and including giving its approval to the terms of the stipulation of settlement). The City nevertheless argues that the claims for a monetary award remain viable. However, there is no apparent basis in section 7-706 (h) or elsewhere in the statutory scheme to support a claim for penalties independent of permanent injunctive relief where the nuisance pertains to stolen property.
Counsel for the City alleges that it would be a "ludicrous result of permitting the operator of a nuisance establishment to operate freely, accruing potential liability under § 7-706 (h), which then could be negated once an action is commenced under the Nuisance Abatement Law merely by abandoning the location at some point before judgment is entered”. First, this is not a situation where a "fencing” operation has simply closed its doors in a "fly by night” fashion. Rather, the Operator defendants’ departure was pursuant to a judgment of possession as a result of the City’s effective efforts to remove them from the Premises. Second, to the extent that the City is correct that the liability for damages / penalties of an establishment which deals in stolen goods should not be extinguished by the establishment’s departure from the premises prior to judgment, the remedy is not for the court to rewrite the law, but for the City Council, as the legislative body, to amend the Nuisance Abatement Law to provide an independent right to damages / penalties. (See, McKinney’s Cons Laws of NY, Book 1, Statutes § 73 ["Avoidance of judicial legislation”].)
Interestingly, the law contains in section 7-704 (b) an independent basis for recovery of a civil penalty against persons committing public nuisances only under section 7-703 (b) and (c) with respect to establishments which promote obscene performances and obscene materials (see, Administrative Code *978 §§ 7-704, 7-715); no comparable remedy for penalties exists as against establishments which promote not only the purchase and sale of stolen goods, as here, but also gambling, drug and other offenses under the other subdivisions of section 7-703. (See, McKinney’s Cons Laws of NY, Book 1, Statutes § 74 ["Implications from legislative silence”].) The sole provision in the Nuisance Abatement Law for recovery of a civil penalty against the Operator defendants is found in section 7-706, which is inapplicable here because the causes of action for injunctive relief no longer exist.[4]
Alternatively, even if a statutory basis for the imposition of monetary damages exists, the court holds that the facts of this case warrant a finding that the City waived its right to seek a civil penalty from the Operator defendants. (Accord, City of New York v Davis, 212 AD2d 567 [2d Dept 1995].)
CONCLUSION
It is ordered that the motion by defendants Rogers Computer and Electronics Corp. and Eliezer Mor for summary judgment is granted. In view of the foregoing, the complaint is dismissed.

. Pursuant to RPAPL 711 (5), a landlord may commence a proceeding to evict a tenant where the premises are used for illegal trade, manufacture or other illegal business; under RPAPL 715 (1), any duly authorized enforcement agency, such as the District Attorney’s office, may serve notice upon an owner or landlord requiring that it apply for the removal of the tenant committing such nuisance or improperly utilizing the premises. The tenor of the letter dated June 28, 1996 from Ralph Fabrizio, Assistant District Attorney, Deputy Bureau Chief, Special Projects Bureau of the New York County District Attorney’s office, to MTA’s attorney shows that the District Attorney’s office demanded that the MTA bring the holdover proceeding.

. In June 1996, the Operator defendants noticed Police Officers Byrne, Sena and Jaskaran for depositions. In July 1996, the City noticed Mor and RCE for depositions.

. Penal Law § 240.45 (2) defines criminal nuisance as the knowing maintenance of a place where persons gather "for purposes of engaging in unlawful conduct.”

. The court does not address the issue of whether the assertion of a cause of action based on a common-law theory of public nuisance would support a damage award (see generally, City of New York v Taliaferrow, 158 AD2d 445 [2d Dept 1990]), since, although the fifth cause of action does rely on the common-law theory of public nuisance, the only relief sought therein is a permanent injunction.