(May 13, 1999)

■ CITY OF NEW YORK, Appellant, v ELIEZER MOR et al., Respondents. [690 NYS2d 33] —Judgment, Supreme Court, New York County (Jane Solomon, J.), entered July 3, 1997, granting the motion of Eliezer Mor and Rogers Computer and Electronics Corp., doing business as Rogers Electronics, for summary judgment dismissing all causes of action against them, reversed, on the law, without costs, the motion denied and the complaint reinstated.

In a nuisance abatement action brought by the City, the tenants' consent to a judgment of eviction in settlement of a separate eviction proceeding brought against them by the landlord does not render moot the City's claim for a permanent injunction barring defendants from ever operating a public nuisance on the premises, nor does it preclude a claim for a

monetary penalty as provided for in section 7-706 (h) of the Administrative Code of the City of New York.

On or about June 11, 1996, plaintiff City commenced this action pursuant to the Nuisance Abatement Law (Administrative Code of City of NY, tit 7, ch 7, § 7-701 *et seq.* [the Act]), seeking, *inter alia*: (1) a permanent injunction against all defendants from conducting, maintaining or permitting the possession of stolen goods based on continuing nuisance as demonstrated by multiple sales of stolen property at the subject premises, a store located at the ground floor of 347-355 Madison Avenue, New York, New York (the premises); (2) monetary damages and/or a civil penalty for each day defendants permitted the premises to be used for the possession of stolen property pursuant to section 7-706 (h) of the Act; and (3) to prevent Eliezer Mor and Rogers Computer and Electronics Corp. (RCE), together termed "the Operator Defendants", from re-entering said premises in their own name or any other name. The City also sought a temporary restraining order and a preliminary injunction enjoining defendants from permitting the subject premises to be used and occupied for the purpose of possessing stolen property, as well as a temporary and permanent closing order.

The affidavits of several police officers, setting forth their observations of the tenants' purchase of stolen property at the premises, constituted a *prima facie* showing that the Operator Defendants knowingly possessed and dealt in stolen property. Consequently, the IAS Court granted a preliminary injunction, enjoining the Operator Defendants from, *inter alia*, conducting, maintaining or operating the premises as a place where stolen goods are possessed, or permitting the same, at the premises or any location. However, the court declined to grant a temporary closing order.

At the request of the Manhattan District Attorney's office, the defendant Metropolitan Transportation Authority (MTA), the owner of record of the real property in which the premises are located, then commenced a holdover proceeding in Civil Court to evict RCE from the premises, pursuant to RPAPL 711 (5) and 715 (1). The same allegations of illegal purchases of stolen goods which support the nuisance abatement action also formed the basis for the holdover proceeding. The holdover proceeding was settled by stipulation of settlement pursuant to which RCE and Mor agreed to vacate and surrender the premises, with a final judgment of possession to the MTA on or before December 1, 1996.

In view of their agreement to vacate the premises, the Opera-

tor Defendants declined to proceed with the depositions noticed in the nuisance abatement action. Instead, they moved for summary judgment dismissing the complaint.

The reasoning that the nuisance was fully abated by the tenants' agreement to vacate, and that the City's asserted need for injunctive relief was therefore moot, is flawed.

The case of *City of New York v 924 Columbus Assocs.* (219 AD2d 19, *appeal dismissed* 88 NY2d 979) is instructive. In that case, the City demonstrated repeated acts of marihuana possession in the premises and initially obtained a temporary restraining order and a temporary closing order. Although the Supreme Court then dismissed the action as moot based upon the assertion that the owner had re-let the premises, this Court reversed, noting that "[t]he landlord's bald assertion that it rented to another named tenant, together with the submission of a lease in the name of that tenant, does not demonstrate that any illegality has ceased, or even that the former tenant is not present any longer under another guise" (*City of New York v 924 Columbus Assocs., supra*, at 22).

Without a permanent injunction the Operator Defendants could re-enter in their own or any other name to conduct business there. Furthermore, although we can be assured that this particular landlord would not have participated in or knowingly permitted such illegal activities on the premises, where the City can prove that such activities took place, issuance of an injunction against the landlord as well as the tenants will accomplish more than the landlord's mere eviction of the tenants, since it will ensure that neither the tenants nor the landlord will be able to arrange a subsequent renting of the premises to the tenants, under any name.

No logical distinction can be made between defendants who vacate the premises pursuant to a temporary closing order and those who vacate pursuant to a stipulated-to judgment of eviction; in either case, the City has an ongoing right to ensure that the guilty parties do not subsequently recommence their illegal activities in the same location.

Inasmuch as injunctive relief was still appropriate, the City continued to be entitled to seek monetary penalties as well.

Finally, the IAS Court erred in treating the eviction proceeding as, essentially, an election of remedies by the City. In fact, the summary proceeding was brought by the only party entitled to bring such a proceeding under the RPAPL, namely the landlord, the MTA. Thus, the facts of this case do not warrant a finding that the City waived its right to seek a civil penalty from the Operator Defendants by commencing an RPAPL eviction proceeding. Concur—Lerner, Saxe and Friedman, JJ.

Ellerin, P. J., and Andrias, J., dissent in a memorandum by Andrias, J., as follows: I dissent and would affirm.

This is a public nuisance abatement action pursuant to section 7-704 (a) of the Administrative Code of the City of New York, seeking a permanent injunction based upon two purchases of stolen property by defendant Mor at the subject electronics store, operated by defendant Rogers Computer and Electronics Corp. (Rogers Electronics), the subtenant of the premises. While the action was pending a related holdover proceeding was brought on the same grounds at the instance of the District Attorney by the store's landlord, defendant Metropolitan Transportation Authority. That proceeding was settled and it was agreed that the premises would be vacated and surrendered before December 1, 1996. It is undisputed that the surrender occurred and that defendant Rogers Electronics is no longer in possession of the premises.

Under the circumstances, I agree with the IAS Court that there is no statutory basis at this point for the imposition of monetary damages against the moving defendants inasmuch as Administrative Code § 7-706 (h) specifically allows for the imposition of civil penalties *only* in conjunction with the granting of an injunction. In any event, the City, by opting for an alternative method of enforcement, impliedly waived its right to seek a civil penalty against them (*cf., City of New York v Davis*, 212 AD2d 567).

*City of New York v 924 Columbus Assocs.* (219 AD2d 19, *appeal dismissed* 88 NY2d 979), relied upon by the majority, is distinguishable on its facts in that there, while the nuisance abatement proceeding was still pending, the building's owner relet the subject premises despite the existence of a temporary closing order. This Court found that the landlord's conclusory assertions that it had rented the premises to another tenant were insufficient to demonstrate that any illegality had ceased, or even that the former tenant was not present any longer under another guise (*supra*, at 22). Here, on the contrary, there is no question that the offending tenants are out of possession and there is no basis for any inference that any illegality is continuing under another guise. [*See*, 173 Misc 2d 971.]