(November 30, 2000)

■ CITY OF NEW YORK, Appellant, v PARTNERSHIP 91, L.P., et al., Respondents. [716 NYS2d 659] —Order, Supreme Court, New York County (Jane Solomon, J.), entered May 20, 1999, which denied the City's application for a preliminary injunction pursuant to the Nuisance Abatement Law, unanimously reversed, on the law, without costs, and plaintiff's motion for a preliminary injunction prohibiting removal of fixtures and operation of illegal gambling, and for issuance of a closing order, granted.

The IAS Court's denial of the City's motion for a preliminary injunction closing the subject premises and prohibiting the removal of gambling equipment and the further use of the premises for illegal gambling constituted an improvident exercise of discretion. The conclusion that the nuisance had abated was not justified by the evidence.

Section 7-707 (a) of the Administrative Code of the City of New York provides for a preliminary injunction "enjoining a public nuisance" when the existence of that nuisance during the relevant one-year period is established. Here, it is undisputed that the City made a clear and convincing showing that illegal gambling had occurred at the premises on several occasions within a one-year period (Administrative Code of City of NY §§ 7-709, 7-710). In light of the proof of illegal operations at the premises over an extended period, and the City's "ongoing right to ensure that the guilty parties do not subsequently recommence their illegal activities in the same location" (*City of New York v Mor*, 261 AD2d 185, 187, *appeal dismissed* 93 NY2d 1041), the court should not have denied continued injunctive relief as sought in the application for a preliminary injunction.

Under section 7-712 of the Administrative Code, the temporary closing order and temporary restraining order, granted upon a proper showing, could only be vacated upon a sufficient evidentiary showing that the public nuisance had been abated. Here, the court erroneously relied solely upon the conclusory assertion of defendants' counsel that since the tenant of record had surrendered the premises, the complained-of activities were no longer taking place.

The mere fact that the landlord may be "back in possession," as defendants' brief states, does not alone establish that the previous illegality has abated (*see, City of New York v Mor, supra,* at 187). Moreover, the defendants' protestations that the landlord had no knowledge of the illegality are irrelevant. "[T]he court's jurisdiction on the application for preliminary

injunctive relief is invoked by the *existence of the nuisance at the premises*. Thus, its jurisdiction is in rem, and its orders are enforced against the premises. The personal fault of the owner is not a material consideration upon such an application" (*City of New York v Castro*, 160 AD2d 651, 652 [emphasis added]).

Accordingly, the sought relief was fully warranted in the absence of an evidentiary showing that the established nuisance had been abated. Concur—Sullivan, P. J., Nardelli, Rubin, Saxe and Friedman, JJ.