■ CITY OF NEW YORK, Appellant, v THE LAND AND BUILDING KNOWN AS 355 WEST 41ST STREET et al., Respondents. [805 NYS2d 32]—

Judgment, Supreme Court, New York County (Jane S. Solomon, J.), entered July 9, 2004, which granted defendant La Fleur's Bar's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs,

defendant's motion denied, the complaint reinstated, and the matter remanded for further proceedings.

Plaintiff City alleged in its complaint that, in the period commencing on January 3, 2004, the premises located at 355 West 41st Street in Manhattan, more particularly, defendant La Fleur's Bar contained within the premises, had been the location of two police investigations resulting in three arrests for prostitution. The complaint specifically recited three separate instances where police officers, acting in an official undercover capacity, entered La Fleur's Bar and were approached by persons therein who offered to perform sexual acts upon the officers in exchange for money. Two of the individuals were male dancers working at the bar and the third was a male patron with apparently no employment connection with the bar.

One dancer was tried and found guilty of prostitution in violation of Penal Law § 230.00, a class B misdemeanor, and the other pleaded guilty to the reduced charge of loitering for the purpose of engaging in a prostitution offense in violation of Penal Law § 240.37 (2), a violation. No disposition for the third arrest appears in the record, as that defendant failed to appear on the scheduled court date and apparently absconded.

Plaintiff's complaint asserted that defendant owned, leased, used, maintained or conducted the subject premises as a prostitution business, and has permitted, promoted, condoned or acquiesced in the use of the premises for such illegal activity. Plaintiff also alleged that, as the subject premises was being used as a place where persons engage in prostitution in violation of Penal Law § 230.00, defendant created a criminal nuisance in violation of Penal Law § 240.45 by knowingly conducting or maintaining the subject premises as a place where persons gathered for purposes of engaging in such unlawful conduct. Plaintiff sought, inter alia, a permanent injunction against such public nuisance, closure of the premises and fines.

Defendant La Fleur's Bar moved for summary judgment dismissing the complaint. Citing the provision contained in New York City Administrative Code § 7-703 (a) that two or more convictions of persons for acts of prostitution in a building within one year prior to commencement of the action constitutes presumptive evidence that the building is a public nuisance, defendant argued that the absence of two such convictions in this case warranted dismissal of the complaint. In response, plaintiff contended that the affidavits of the arresting officers established by clear and convincing evidence that the subject premises is a public nuisance as defined under the Administrative Code. Plaintiff further argued that criminal

convictions for prostitution, while presumptive evidence of the existence of a public nuisance, were not required since it need only establish the existence of the prohibited conduct.

The IAS court found that the limited number of arrests did not establish the general reputation of the building for use as a place of unlawful conduct, particularly since only two of the three arrests took place in the bar and one took place outside of the building. Further, the court reasoned that since these arrests resulted in only one conviction for prostitution and one for the violation of loitering, plaintiff had not demonstrated that the premises had attained the general reputation as a location for unlawful activities so as to constitute a public nuisance. Defendants' motion to dismiss the complaint was granted.

Statutory construction requires that where the language of a statute is clear and unambiguous, it should be construed by a court so as to give effect to the plain and ordinary meaning of the words used, without limiting or extending its plain language (*see Matter of Raritan Dev. Corp. v Silva,* 91 NY2d 98, 106-107 [1997]; McKinney's Cons Laws of NY, Book 1, Statutes § 94). In an analogous context, we have held that "[s]ection 7-703 (g) of the Administrative Code of the City of New York specifically cites the sections of the Penal Law that set out the conduct which constitutes a nuisance. The language of the section is to be given its plain meaning (McKinney's Cons Laws of NY, Book 1, Statutes § 94) and construed according to the fair import of its terms (Penal Law § 5.00)" (*City of New York v Castro,* 160 AD2d 651, 652 [1990]).

The plain language of section 7-703 (a) defines public nuisance as any building used for the purpose of prostitution as defined in Penal Law § 230.00. The statute further provides that a nuisance may be presumed if two or more convictions for prostitution in the building have occurred within one year prior to the commencement of the action, and that evidence of the common fame and general reputation of the building or the occupants thereof shall be competent evidence to prove the existence of a public nuisance. Nowhere does the statute state that convictions for prostitution or general reputation of the premises as a place for prostitution are the exclusive methods of proving a public nuisance.

The affidavits of the three undercover officers setting forth how each was offered sex in exchange for money while inside La Fleur's Bar, and that each offer culminated in an arrest for prostitution, establish, at a minimum, triable issues of fact as to whether La Fleur's Bar was used for the purpose of prostitution. Moreover, these affidavits, detailing the officers' ability to

find prostitutes at La Fleur's Bar without much effort further, raise a question of fact as to whether La Fleur's Bar is used, if not as a place for prostitution, at least as a place where people gather to solicit prostitutes in violation of Administrative Code § 7-703 (a).

Plaintiff having raised such triable issues of fact, defendant's motion for summary judgment should have been denied (*Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]). Concur— Buckley, P.J., Mazzarelli, Andrias and Friedman Sweeny, JJ.