■ CITY OF NEW YORK, Appellant, v MICHAEL RING et al., Defendants, and "JOHN DOE" et al., Respondents. [823 NYS2d 145]—

Order, Supreme Court, New York County (Jane S. Solomon, J.), entered November 23, 2005, which granted the motion of defendants Khalid Ahmed and Mouman Outlet, Inc., seeking vacatur of that portion of a preliminary injunction issued pursuant to the Nuisance Abatement Law that applied to them, unanimously reversed, on the law, without costs, the motion denied and the preliminary injunction reinstated as to Ahmed and Mouman Outlet.

Plaintiff, the City of New York, obtained a preliminary injunction pursuant to the Nuisance Abatement Law (Administrative Code of City of NY, tit 7, ch 7) prohibiting defendants from maintaining, creating, conducting or permitting a public nuisance. The nuisance that plaintiff sought to abate was the sale of counterfeit trademarked merchandise. Defendants Khalid Ahmed and Mouman Outlet, Inc. (the respondents), subsequently moved to vacate the portion of the injunction that applied to them on the ground that plaintiff failed to demonstrate that they or either of them sold counterfeit goods. In light of plaintiff's removal of counterfeit goods from the premises four months before the hearing on the motion, Supreme Court found

the issue of whether the respondents were selling counterfeit goods moot and granted the motion. We reverse.

Pending an action for a permanent injunction pursuant to the Nuisance Abatement Law, the court may grant a preliminary injunction enjoining the persons conducting, maintaining or permitting a public nuisance from further conducting, maintaining or permitting the nuisance (Administrative Code § 7-707). Plaintiff submitted ample proof that a public nuisance, as defined by the Nuisance Abatement Law (Administrative Code § 7-703 [I]), existed at the premises occupied by the respondents immediately prior to the commencement of this proceeding. That plaintiff may have removed counterfeit goods from the premises immediately prior to the commencement of this proceeding does not render plaintiff's claim for an injunction moot, as plaintiff has an " 'ongoing right to ensure that the [respondents] do not subsequently recommence their illegal activities in the same location' " (*City of New York v Partnership 91*, 277 AD2d 164, 164 [2000], quoting *City of New York v Mor*, 261 AD2d 185, 187 [1999], *appeal dismissed* 93 NY2d 1041 [1999]). The availability of other legal remedies (e.g., civil penalties) does not prevent plaintiff from seeking injunctive relief pursuant to the Nuisance Abatement Law (Administrative Code § 7-706 [a]). Concur—Mazzarelli, J.P., Andrias, Sullivan, McGuire and Malone, JJ.