(May 15, 2008)

■ CITY OF NEW YORK, Appellant, v UNTITLED LLC, Respondent, et al., Defendants. [859 NYS2d 20]—

Order, Supreme Court, New York County (Louis B. York, J.),

entered May 30, 2007, which denied plaintiff's motion for a preliminary injunction, unanimously reversed, on the law, without costs, and the matter remanded for an evidentiary hearing to determine whether plaintiff has made a prima facie showing of a public nuisance and satisfied the requirements for preliminary injunctive relief.

In this action pursuant to the Nuisance Abatement Law (Administrative Code of City of NY § 7-701 *et seq.*), the City seeks to permanently enjoin defendants from operating certain premises known as "Sutra," based on three separate sales of alcohol to underage auxiliary police officers within a 15-month period in violation of Alcoholic Beverage Control Law § 65 (1) and § 123. The City's complaint alleges that the incidents in question constitute a public nuisance under both Administrative Code § 7-703 (h) (defining a public nuisance as "[a]ny building, erection or place . . . used for any of the unlawful activities described in section [123] of the alcoholic beverage control law"), and Administrative Code § 7-703 (l) (defining public nuisance as "[a]ny building . . . wherein there is occurring a criminal nuisance as defined in section 240.45 of the penal law").

The City also moved for a preliminary injunction, as well as temporary restraining and closure orders (*see* Administrative Code of City of NY §§ 7-707, 7-709, 7-710, 7-711). Defendants opposed, arguing that there was no pattern of illegal sales to minors sufficient to constitute a public nuisance and that the affidavits of the police witnesses alleging the sales were based, in part, on incompetent hearsay.

Supreme Court granted the temporary restraining order but denied temporary closure. As to the preliminary injunction, the court denied the City's motion primarily on the ground that three instances of underage sales in the time period alleged were insufficient to constitute a pattern of illegal activities giving rise to a public nuisance. The court further noted that there was no evidence of "trafficking" in alcohol or any proof that the summonses for underage sales led to convictions.

Supreme Court erred in summarily denying the City's motion for preliminary injunctive relief without a hearing. The City correctly notes that, unlike other types of public nuisances listed in Administrative Code § 7-703 that specifically require a minimum number of violations before a nuisance is established (*see e.g.* § 7-703 [g] [requiring "three or more" violations of penal statutes pertaining to controlled substances, marijuana and gambling within the year preceding commencement of an action]), section 7-703 (h) does not expressly require multiple

violations of the Alcoholic Beverage Control Law (*"any* of the unlawful activities described in section [123] of the alcoholic beverage control law" [emphasis added]). Whether this discrepancy is the product of legislative design or oversight is debatable (*see City of New York v Dorrian*, NYLJ, Nov. 3, 2006, at 22, col 1 [Sup Ct, NY County] [it appears "anomalous" for city council to have intended that a single sale of alcohol to a minor constitutes a public nuisance, while a different subdivision of the same section requires three convictions for selling narcotics within one year]), but what is clear from the statutory scheme is that a hearing is required prior to any determination on a motion for preliminary injunctive relief. Under Administrative Code § 7-710 (a), where, as here, a court grants a temporary restraining order, "the court *shall* direct the holding of a hearing for the preliminary injunction at the earliest possible time but in no event later than three business days from the granting of such order" (emphasis added).

In this case, the court granted a temporary restraining order but never held the hearing on the preliminary injunction required by section 7-710. Instead, it simply denied the preliminary injunction based upon the parties' written submissions, essentially rejecting the City's entire nuisance complaint on the merits. By proceeding in this manner, the court deprived the City of a fair opportunity to demonstrate that the three alleged sales to underage persons in this case constitute a public nuisance within the meaning of section 7-703 (h). The court's precipitous action also prejudiced defendants, who were denied an opportunity to contest the factual allegations underlying the three summonses, which, according to the record, have all been dismissed.

Even if, as the City maintains, no pattern of violations is required to demonstrate a public nuisance under the express wording of section 7-703 (h), the motion court's summary denial gave inadequate consideration to the three-prong test for preliminary injunctive relief, which is applicable in cases under the Nuisance Abatement Law (*City of New York v Love Shack*, 286 AD2d 240, 242 [2001]; *but see City of New York v Bilynn Realty Corp.*, 118 AD2d 511, 512-513 [1986] [municipality need not satisfy three-prong test for injunctive relief in action to abate nuisance in form of zoning violation]).

To obtain a preliminary injunction, the City was required to demonstrate a likelihood of success on the merits of its public nuisance claim, irreparable harm in the absence of the injunctive relief, and a balancing of the equities in its favor (*Love Shack* at 242; *City of New York v West Winds Convertibles Intl.*,

*Inc.*, 16 Misc 3d 646, 652-654 [Sup Ct, Kings County 2007, Battaglia, J.] [applying three-prong test for injunctive relief in statutory nuisance abatement action]). Such a showing was especially important in this case, given the limited number of alleged violations over a fairly lengthy period of time (*cf. City of New York v Castro*, 160 AD2d 651, 652 [preliminary injunction warranted by evidence of six separate gambling violations]; *City of New York v Partnership 91*, 277 AD2d 164, 164 [2000] [granting preliminary injunction based on City's "proof of illegal operations at the premises over an extended period"]). Accordingly, a remand is necessary for the court to hold a hearing on the request for a preliminary injunction contemplated by section 7-710 of the Nuisance Abatement Law. Concur—Lippman, P.J., Tom, Gonzalez and Buckley, JJ.