■ Joern Meissner, Appellant, v Tracy Yun et al., Respondents. [6 NYS3d 47]—

Orders, Supreme Court, New York County (Jeffrey K. Oing, J.), entered February 28, 2014, and March 27, 2014, which denied plaintiff's motion for partial summary judgment on the breach of fiduciary duty cause of action and for a preliminary injunction, unanimously affirmed, without costs.

Plaintiff brought this action individually and derivatively on behalf of Manhattan Review LLC against Tracy Yun, the alleged minority owner of Manhattan Review, and her company, Manhattan Enterprise Group, LLC (d/b/a Manhattan Elite Prep), for, inter alia, breach of fiduciary duty, self-dealing, and unjust enrichment. Manhattan Review, now a dissolved company, was founded in 2005 for the purpose of teaching review courses to business school applicants preparing for the GMAT exam. Plaintiff claims that Yun cancelled Manhattan Review's charter in January 2012 without his knowledge or consent, and transferred all the company's assets to Manhattan Elite Prep for the purpose of stealing Manhattan Review and treating it as her own.

The parties' sharply conflicting affidavits raise material factual issues that preclude summary judgment on the breach of fiduciary duty cause of action (see Talansky v Schulman, 2 AD3d 355, 357 [1st Dept 2003]). Plaintiff claims that he was the majority owner of Manhattan Review. However, Yun contends that she owned the company outright in December 2011 and thus did not owe plaintiff a fiduciary duty (see Burry v Madison Park Owner LLC, 84 AD3d 699 [1st Dept 2011]). Plaintiff relies on a series of emails and a draft operating agreement that he concedes was never signed as evidence of Yun's minority stake. These documents are insufficient to meet plaintiff's initial burden on his motion. In any event, in opposition, Yun stated in an affidavit that plaintiff intentionally avoided writing business-related emails to conceal his ulterior motives. She also submitted a separate draft operating agreement that seems to reflect her 100% ownership in Manhattan Review.

Yun contends that her actions in December 2011 were not misconduct (see id.), but a justified defensive reaction to plaintiff's own misdeeds in setting up a secret, competing entity and diverting more than $177,000 from Manhattan Review's operating account without her consent or knowledge. Plaintiff claims that Yun's statements are false and have no evidentiary

support. Credibility is not properly determined on summary judgment; Yun's statements in opposition to plaintiff's motion—which raise issues of fact—are accepted as true (*Adam v Cutner & Rathkopf*, 238 AD2d 234, 237-238 [1st Dept 1997]).

Plaintiff failed to establish his entitlement to injunctive relief (*see City of New York v Untitled LLC*, 51 AD3d 509, 511-512 [1st Dept 2008]). He did not demonstrate a likelihood that he would ultimately prevail on the merits of his claim. Nor did he demonstrate that he or Manhattan Review would suffer irreparable harm, since he failed to show that an award of money damages would not be fair compensation (*see Zodkevitch v Feibush*, 49 AD3d 424 [1st Dept 2008]).

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Tom, J.P., Acosta, Andrias, Moskowitz and Kapnick, JJ.