Maxwell Development L.P., Petitioner-Landlord-Respondent, 
against
Michael Newkirk, Respondent-Tenant-Appellant, -and- "John Doe" and "Jane Doe," Respondents-Undertenants.




Tenant appeals from (1) an order of the Civil Court of the City of New York, New York County (John H. Stanley, J.), dated April 2, 2018, which denied his motion to dismiss the petition, and (2) a "decision and order" of the same court (Jean T. Schneider, J.), entered on or about August 6, 2018, after a nonjury trial, which awarded possession to landlord in a holdover summary proceeding.




Per Curiam.
Appeal from "decision and order" (Jean T. Schneider, J.), entered on or about August 6, 2018, deemed an appeal from the ensuing final judgment (same court and Judge), entered August 7, 2018, and so considered (see CPLR 5520[c]), final judgment affirmed, with $25 costs. Appeal from order (John H. Stanley, J.), dated April 2, 2018, dismissed, without costs, as subsumed in the appeal from the final judgment.
The trial evidence, fairly interpreted, supports the possessory judgment awarded to landlord in this illegal use holdover proceeding. In the course of a lawful search of tenant's apartment, police recovered drugs and paraphernalia from various locations throughout, including 139 twists of crack/cocaine from a bag on the bed, 29 twists of crack cocaine between a speaker and a couch, 12 bags of marijuana on a coffee table, a scale containing marijuana residue on a window sill, as well as a razor blade containing cocaine residue and 209 small bags. A police department chemist's laboratory analysis report stated that the items seized during the execution of the search warrant included 14.65 grams of cocaine and 3.11 grams of marijuana. In addition, tenant was arrested as a result of the search and subsequently pleaded guilty to a felony drug charge. These demonstrated facts amply supported the conclusion that the subject premises [*2]were used to facilitate trade in drugs and that the tenant knew and acquiesced in the illegal drug activity in the apartment (see Matter of 88—09 Realty v Hill, 305 AD2d 409 [2003]; cf. 855-79 LLC v Salas, 40 AD3d 553 [2007]).
We also reject tenant's contention that this proceeding is barred by collateral estoppel by virtue of a prior nuisance abatement action brought by the City of New York. There is no identity of issues between those purportedly determined in the nuisance abatement proceeding, which was an in rem proceeding commenced by the City of New York pursuant to Administrative Code of City of New York § 7-704 (see City of New York v Partnership 91, 277 AD2d 164 [2000]) and this holdover proceeding commenced by landlord pursuant to RPAPL 711(5) and RPL § 231(1), seeking tenant's eviction from the premises. Any adjudication of the City's claim in the nuisance proceeding has no effect on the landlord's right to pursue its eviction claim herein (see generally City of New York v Philips, 272 AD2d 568 [2000], lv denied 95 NY2d 762 [2000]; City of New York v Mor, 261 AD2d 185 [1999], appeal dismissed 93 NY2d 1041 [1999]). Furthermore, landlord, although named as a defendant in the nuisance proceeding, was a nominal party that did not participate in that proceeding (see Matter of Sherwyn Toppin Mktg. Consultants, Inc. v New York State Liq. Auth., 103 AD3d 648, 651 [2013], lv denied 21 NY3d 858 [2013]), and did not have a full and fair opportunity to litigate any eviction claim in that proceeding (see Kaufman v Eli Lilly & Co., 65 NY2d 449 [1985]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur 
Decision Date: December 02, 2019