Shorehaven Homeowners Assn., Inc. v Campbell

2026 NY Slip Op 02224

April 14, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Shorehaven Homeowners Association, Inc., Plaintiff-Appellant,

v

Sherese Campbell, Defendant-Respondent, Casey Diamond et al., Defendants.

Decided and Entered: April 14, 2026

Index No. 815987/23|Appeal No. 6337|Case No. 2025-04198|

Before: Moulton, J.P., Friedman, González, Shulman, Rosado, JJ.

The Law Offices of Ronald Francis, New York (Ronald Francis of counsel), for appellant.

Bronx Legal Services, Bronx (Stephanie A. Swinton of counsel), for respondent.

[*1]

Order, Supreme Court, Bronx County (Matthew Parker-Raso, J.), entered July 2, 2025, which, to the extent appealed from as limited by the briefs, granted defendant Sherese Campbell's motion to the extent of finding that defendant is not obligated to pay $3,928.30 in publication and legal fees to plaintiff sought under plaintiff's common charge lien, unanimously affirmed, without costs.

On December 12, 2024, Supreme Court issued an order for final judgment of foreclosure and sale and a money judgment in the amount of $40,484.59, together with interest, current common charges, special assessments and late charges. As of March 2025, Campbell made two payments to plaintiff, reducing these arrears to $21,455.111. The parties then executed a March 6, 2025 payment agreement (agreement), wherein Campbell agreed to pay the arrears balance in 24 monthly installments of $893.00 on the 15th of each month in addition to the current monthly assessment. The first installment was due on April 15, 2025, and the final installment would be due on January 15, 2027. Notably, plaintiff's by-laws were not incorporated by reference into the agreement, namely, Article 6.7 obligates a member (i.e., Campbell) to pay attorneys' fees and expenses to collect unpaid assessments or in any action to foreclose on a lien. Nor did the agreement contain a comparable "fees and costs" provision to be triggered if defendant defaulted thereunder.

Between April 1, 2025 and May 12, 2025, Campbell made eight installment payments totaling $22,788.57. Although Campbell missed her first April 15, 2025 payment deadline, she effectively cured this initial default by paying off the entire sum owed under the agreement nearly two years ahead of schedule.

The Court of Appeals has made clear that "[t]he equity of redemption, which long predates the RPAPL, allows property owners to redeem their property by tendering the full sum at any point before the property is actually sold at a foreclosure sale . . . An unconditional tender of the full amount due is all that is required (citations omitted)" (see NYCTL 1999-1 Trust v 573 Jackson Ave. Realty Corp., 13 NY3d 573, 579 [2009], cert denied 561 US 1006 [2010] [internal citations omitted]), and that is exactly what Campbell did. Accordingly, plaintiff's acceptance of the full amount of arrears without objection waived any right to continue the foreclosure sale.

Moreover, given the unambiguous terms of the agreement, it was well within the motion court's discretion to partially grant Campbell's motion and disallow the purported publication costs and attorneys' fees incurred after May 12, 2025.

Plaintiff's cancellation of the foreclosure sale did not render the motion via defendants' order to show cause moot. Had Campbell withdrawn her motion, plaintiff could have scheduled a new foreclosure sale (see City of New York v Ring, 34 AD3d 218, 219 [1st Dept 2006]).

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

[*2]

ENTERED: April 14, 2026